The opinion of the court was delivered by
McEnery, J.
The Lane & Bodley Company, intervenors, mortgage creditors of H. S. Mathews, obtained judgment against him. Execution issued on this judgment and the mortgaged property was •seized. ,
The plaintiff company enjoined the seizure. Lane & Bodley filed an intervention and third opposition. The sheriff filed the usual answer in such eases.
After the seizure the Federal Court appointed a receiver for the Lake Bisteneau Lumber Company. The receiver filed an exception of no cause of action to the opposition, which was overruled. The receiver resigned. Others were appointed by the court, who filed .an exception to the jurisdiction of the court, because of the pending *1285 receivership in the United States-Court. There was judgment sustaining this motion.
All parties appealed.
It is urged by the Lane & Bodley Company that the judgment was not that which was rendered by the District Judge, and that the attorney who prepared it for the judge’s signature was in error. The record seems to indicate that such is the case. We have briefly alluded to such portions of the pleadings as will show the progress of the case leading to the motion to dismiss and the judgment thereon.
The State court had first acquired jurisdiction of the case. It is a universal rule that when two courts have concurrent jurisdiction of the same subject matter, the court which first obtains jurisdiction and possession of the res retains it to the end of the controversy, to the exclusion of the others. High on Receivers, Sec. 50; Hagan vs. Lucas, 10 Peters, 400; Peale vs. Phipps, 14 Howard, 368; Geilinger vs. Philippi, 133 U. S. 247.
“ The leading general principle as to courts of concurrent or coordinate jurisdiction is that whichever court of those having such jurisdiction first acquires possession of a cause will retain it throughout.” American and English Encyclopedia of Law, Vol. 12, p. 292, note; Ober vs. Gallagher, 93 U. S. 199; Barkdull vs. Herwig, 30 An. 618.
This jurisdiction extends to the execution of the judgment rendered. Hewes vs. Carr, 10 Bush (Ky.), 431.
The fact of the appointment of receiver to the plaintiff corporation by the United States Court, could not divest the jurisdiction acquired by the State court. It could not operate as a stay of the execution issued by the State court in the execution of its judgment. Story’s Equity Jurisprudence, Vol. 2, paragraph 950, 13th Edition; 59 Ala. 211; 8 Cal. 26; Id. 66.
The judgment appealed from is annulled and reversed, and it is ordered that the case be reinstated on the docket of the lower court as it existed before said judgment, to be proceeded with in due course of law. . The plaintiffs to pay costs of appeal.