HAWTHORNE, Justice
(concurring).
I am in full accord with the decree in this case awarding custody of the minor child, Hershel Schmeleberger, to his mother and with the reasons given therefor.
I concur in the opinion insofar as it holds that the district court was the proper forum to determine the issues raised in the habeas corpus proceeding for the reason that the judge of the district court, before undertaking the trial of the habeas corpus matter, opened the juvenile court for the purpose of passing upon a motion filed in an adoption proceeding pending in that court at the time the habeas corpus suit was filed. This motion had been filed in the juvenile court in behalf of relatrix to revoke the interlocutory decree of adoption and dismiss the adoption proceeding in which the temporary custody of the child had been granted to the respondents herein.
On the trial of the motion it was shown that the relatrix had withdrawn her *549 consent to the adoption, and that the child’s father was not dead, as alleged, and had not consented to the adoption. On this showing it was entirely proper for the judge of the juvenile court to dismiss the adoption proceeding pending in the juvenile court, and this is, in effect, exactly what he did; otherwise the district court was without jurisdiction. This court should notice ex proprio motu the lack of jurisdiction under the well settled rule of law that, when two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction and possession of the res retains it to the end of the controversy to the exclusion of all others. See State ex rel. Terry v. Nugent et ux., 212 La. 382, 31 So.2d 834.
That the district judge was familiar with this rule of law and the holding of this court in the Nugent case, supra, is established beyond any doubt by the fact that, prior to proceeding with the trial of the habeas corpus suit, he opened the juvenile court for the purpose of disposing of the motion to dismiss the adoption proceeding pending therein. There was no reason otherwise for him to convene the juvenile court and try the motion. In his written reasons for judgment the district judge states that the respondents in the habeas corpus proceeding pleaded that the district court was without jurisdiction, since the juvenile court had first obtained jurisdiction in the adoption proceeding. I am unable to find a plea to the jurisdiction of the district court in the record. If any such plea was made, I think the judge was correct in overruling it, for, as I interpret the record as made up, he had previously sustained relatrix’ motion in the juvenile court to revoke the interlocutory order of adoption and dismiss the adoption proceeding.
Furthermore, I am unable to reconcile the opinion of this court in the Nugent case with the opinion in the case of State ex rel. Simpson et al. v. Salter et al., 211 La. 918, 31 So.2d 163, 165. In each of these cases a proceeding for adoption of a child was pending in the juvenile court at the time the habeas corpus proceeding was filed in the district court. In the Simpson case, which was decided first, this court awarded custody of the minor to the relatrix in the habeas corpus proceeding in the district court, stating: “The plea of lis pendens is not well founded for the reason that the cause of actions [causes of action] are entirely different and are not such tha.t present concurrent jurisdiction. In the first place the Juvenile Court has exclusive jurisdiction in adoption proceedings of children under seventeen years of age and in the second place the civil district court has exclusive jurisdiction over a contest between a parent and a third person for the custody of a minor.” (All italics mine.)
In the Nugent case, however, this court dismissed the habeas corpus proceeding in *551 the district court, saying in the course of that opinion:
“The issue in contest is the right to custody of the child, Allen Reed. If, as an incident to his adoption, the Juvenile Court acquire [d] jurisdiction to determine the question of custody, the Civil District Court was without jurisdiction under the well-settled rule that, when two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction and possession of the res retains it to the end of the controvery to the exclusion of all others. See Geilinger v. Philippi, 133 U.S. 246, 247, 10 S.Ct. 266, 33 L.Ed. 614; Lake Bisteneau Lumber Co. v. Mimms, 49 La.Ann. 1283, 22 So. 730 and cases there cited. Hence, since the adoption proceeding was filed in the Juvenile Court prior to the filing of the instant suit, the only inquiry in the case is whether adoption proceedings filed under Act No. 154 of 1942 vest the Juvenile Courts with jurisdiction over the children sought to be adopted.
"We experience no difficulty in answering the query in the affirmative. * * * ” [212 La. 382, 31 So.2d 835.]
In the Simpson case, therefore, the basis of the decision was that the courts did not have concurrent jurisdiction, and the basis of the decision in the Nugent case was that they did.
I do not agree with the holding in the Simpson case, and for that reason dissented from the refusal to grant a rehearing. I concurred in the decree in the Nugent case for the reason that in the course of the opinion in that case this court concluded that the holding therein was not in conflict with that of the Simpson case. I do not agree with that conclusion. In distinguishing the two cases the court stated in the Nugent case: “The difference between the Simpson case and the instant one is apparent. There, although the jurisdiction of the Juvenile Court attached, it was subsequently divested by the refusal of the mother to give her consent to the adoption proceedings, or rather, the withdrawal by her of the consent previously given. ^ ifc * >1
An examination of the opinion in the Simpson case will disclose that the parents of the child filed in the juvenile court an opposition to the adoption proceeding which was not ruled upon by that court, and this opposition was pending in that court at the time the habeas corpus proceeding was filed and tried in the district court. I do not understand how the mere filing of this opposition, whatever the basis for it, whether the withdrawal of consent for adoption or otherwise, could ipso facto divest the juvenile court of jurisdiction and vest jurisdiction in the district court of the habeas corpus proceeding filed therein. The Simpson and Nugent cases, therefore, in my opinion cannot be distinguished.
For these reasons I respectfully concur.