179 So.2d 433 (1965)
Roy Lee SMITH, Plaintiff and Appellee,
v.
Willamette Romero SMITH, Defendant and Appellant.
No. 1515.
Court of Appeal of Louisiana, Third Circuit.
September 23, 1965.
On Rehearing October 27, 1965.
*434 Tucker & Schonekas, by Gibson Tucker, Jr., New Orleans, for defendant-appellant.
Bernard Kramer, Alexandria, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, JJ.
PER CURIAM.
The appellant did not appear in person or through counsel when this case was called for argument on the date it had been docketed for hearing, and no brief has been filed in her behalf. The appeal, therefore, is considered as having been abandoned, and accordingly the appeal is hereby dismissed. Rule VII, Sec. 5(b), Uniform Rules of the courts of Appeal, LSA-R.S. (1964 p.p.); Courville v. Anchor Gasoline Corporation et al., La.App. 3 Cir., 174 So. 2d 880, and the authorities therein cited. The costs of this appeal are assessed to defendant-appellant. LSA-C.C.P. Art. 2164.
Appeal dismissed.

On Rehearing.
En Banc.
TATE, Judge.
We previously dismissed this appeal under our rule that we may consider any appeal as abandoned when the appellant fails to appear or to file his brief prior to the time fixed for its hearing. Uniform Rules of the Courts of Appeal, Rule VII, Section 5(b) (1963 revision). The appellant's brief was received shortly after our judgment of dismissal, which brief was timely mailed but received tardily due to a delay in its transmission through the mails. Rehearing was granted, and the appeal was submitted on briefs.
This appeal is by a wife from a judgment of divorce in favor of her husband. Her chief complaint of error concerns the trial court's overruling of her exceptions to its jurisdiction and of lis pendens. These exceptions were based upon her prior filing in another parish of a still-pending separation suit.
The present suit, in which this appeal is taken, was filed by the plaintiff husband in Rapides Parish in January, 1965. The ground of divorce alleged was that the husband and the wife had lived separate and apart for more than two years. The husband recognized the wife's right to custody of the marriage's three minor children and to the sum of fifty dollars monthly for their support. After the defendant wife's exceptions were overruled, the husband was granted judgment of divorce upon confirmation of default, with custody of the children and $50-monthly child support being allowed the wife. *435 In 1962, when the couple was living in Jefferson Parish, the wife had filed suit in that parish on the ground of cruelty. In June of 1962, after contradictory hearing, the husband was ordered to pay alimony pendente lite in the sum of $150 monthly. The wife's Jefferson Parish separation suit was still pending at the time the husband filed his Rapides Parish divorce action.
The substance of the appellant wife's contention seems to be that, in suits between spouses concerning their marital status and incidental alimony and custody questions, the jurisdiction of the district court in which the first suit is validly filed must be recognized as preventing another district court from obtaining jurisdiction if a second suit is filed by the spouses relating to the same questions.
Preliminarily, we may say that the trial court was correct in overruling the wife's exceptions to the venue and to the jurisdiction of the wife's person and of the subject matter (the marital status):
First, Rapides Parish is undoubtedly a proper venue for the husband's divorce suit, since the husband is domiciled in Rapides and divorce and separation actions may be brought in the parish of either spouse's domicile. LSA-C.C.P. Art. 3941. Second, the Rapides Parish Court undoubtedly had jurisdiction (a) over the wife's person since personal service was made upon her (although in another parish), LSA-C.C.P. Art. 6(1), and also (b) over the divorce action concerning the marital status, since both spouses are domiciled in this state and the alleged grounds of divorce occurred during the Louisiana matrimonial domicile, LSA-C.C.P. Art. 10(7).
There remains for discussion the appellant wife's main contention on appeal: that the trial court should have sustained her exception of lis pendens to the Rapides suit because the Jefferson Parish proceedings were still pending.
Under LSA-C.C.P. Art. 531, upon exception of a defendant, all but the first of two or more pending suits between the same parties must be dismissed if they involve "the same cause of action" and have "the same object." If a final judgment in the first suit would be res judicata of the second, the exception of lis pendens is well pleaded. State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587; Scott v. Ware, La.App. 2 Cir., 160 So.2d 237; Miguez v. Miguez, La.App. 3 Cir., 128 So.2d 804.
With regard to the present facts, it is apparent that the two different suits between the parties are not based upon the same cause of action and do not have the same object: the Jefferson Parish suit has a judicial separation for its object, with the grounds of cruel treatment as its cause of action, LSA-C.C. Art. 138(3); the Rapides Parish suit demands an absolute divorce as its object, with its cause of action being the two-year separation of the spouses, LSA-R.S. 9:301.
Thus, the exception of lis pendens was correctly overruled, at least as to the main demand (i. e., for divorce) of the second suit. See Miguez v. Miguez, cited above. (The ruling should be to the contrary, of course, where both suits seek either a divorce or a separation upon the same grounds. State ex rel. Marston v. Marston, cited above.)
The wife argues, however, that the Jefferson Parish district court obtained jurisdiction of the question of the custody of the children of the marriage, because of the demand for same asserted by her in her prior Jefferson Parish suit for separation. She argues that therefore the subsequent divorce suit filed in Rapides Parish could not confer upon the Rapides Parish district court any jurisdiction to decide this matter, because "when two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction and possession of the res retains it to the end of the controversy to the exclusion of all others," State ex rel. Marston *436 v. Marston, 223 La. 1046, 67 So.2d 587, 590 (a decision which sustained a plea of lis pendens to the second divorce suit filed upon the same ground as a prior one).
There are expressions in the jurisprudence which indicate that a plea of lis pendens should be sustained to a subsequent action demanding custody of children when a prior suit for same is pending between the same parties. State ex rel. Divens v. Johnson, 207 La. 23, 20 So.2d 412; State ex rel. Aucoin v. Aucoin, 174 La. 7, 139 So. 645. See Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (dicta). See also State ex rel. Terry v. Nugent, 212 La. 382, 31 So.2d 834 (involving exclusive jurisdiction of juvenile court over adoption proceeding instituted in it); but cf., State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163. On the other hand, it is arguable that the present custody question was in each case only incidental to the main demand, so that it may be a proper matter for consideration in the subsequent divorce action although also an issue is an earlier still-pending separation suit. Thornton v. Floyd, 229 La. 237, 85 So.2d 499; cf. also 1 C.J.S. Abatement and Revival § 46 (p. 76 of 1936 ed.).
Nevertheless, we need not discuss this question further nor decide it, because the husband, in his subsequent Rapides Parish suit, recognized the wife's right to the custody of the children as sought by her in her prior Jefferson Parish action. Thus the second Rapides suit did not demand relief contrary to that sought by the first suit in Jefferson, nor did it seek to oust or conflict with whatever jurisdiction of the demand for custody that the Jefferson Parish district court possessed by reason of the earlier suit there filed.
As for the conflicting incidental demands relative to alimony and child support of the two suits, the Jefferson Parish suit sought alimony and child support pendente lite and during the existence of any judicial separation of a still-existing marriage, whereas the Rapides Parish suit sought to have the alimony and child support determined as a consequence of the divorce finally terminating the marriage.
Unlike a divorce judgment which finally terminates the marriage, a judgment of separation is of an interim nature which does not dissolve the marriage but merely determines incidents of it such as propertyownership and such as provisionally fixing the custody of children and support-requirements pending a final divorce. For this reason, a judgment of final divorce abates any preceding suit for separation between the parties, including any judgment therein fixing alimony for the wife or children of the marriage[1]. Thornton v. Floyd, 229 La. 237, 85 So.2d 499.
The trial court therefore correctly overruled the wife's plea of lis pendens insofar as the husband's subsequent divorce suit in Rapides Parish concerned alimony and child support questions at issue in her earlier separation suit filed in Jefferson Parish. For the Jefferson suit cannot serve on the principle of lis pendens as a basis for dismissing the Rapides Parish suit's demand as to alimony because of these distinguishing differences above-noted in the Jefferson and Rapides suits' demands, as well as because a Jefferson Parish judgment for alimony and child support in the earlier separation suit could not be res judicata as to the Rapides Parish court in its determination of alimony and child support upon decreeing a final divorce in the second suit (Thornton v. Floyd, cited above; cf. Hillard v. Hillard, 225 La. 507, 73 So.2d 442, 444).
The trial court therefore correctly overruled the exceptions to its jurisdiction and of lis pendens, which are the only questions raised by this appeal as to the validity of the trial court judgment.
*437 For the foregoing reasons, the judgment of the trial court is affirmed at the cost of the defendant-appellant. Pursuant to our discretion authorized by Rule XI, Section 5, Uniform Rules of the Courts of Appeal, the right of the defendant-appellant to apply for further rehearing is expressly reserved.
Affirmed.
NOTES
[1] The prior alimony judgment is abated only as to liability for alimony and support payments subsequent to the date of the divorce decree. See Thornton v. Floyd, cited above, and Cotton v. Wright, 193 La. 520, 190 So. 665.