192 So.2d 237 (1966)
Victoria MOUSSA, Wife of William Burton LANDRY,
v.
William Burton LANDRY.
No. 2467.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1966.
Rehearing Denied December 5, 1966.
*238 Thomas J. Kliebert, Gramercy, for relator.
David H. Seelig, New Orleans, for respondents.
Before YARRUT, SAMUEL and HALL, JJ.
HALL, Judge.
We issued certiorari herein (with stay order) on the relation of the defendant, Dr. William Burton Landry, in order to review a judgment rendered September 9, 1966 by the Honorable S. Sanford Levy, Judge of Division "D" of the Civil District Court for the Parish of Orleans in which he overruled (1) an exception to the jurisdiction of the Court, and (2) a plea of lis pendens. The judgment complained of was rendered in a suit for separation from bed and board brought against defendant by his wife, Mrs. Victoria Moussa Landry, on the ground of cruelty.
Mrs. Landry filed her suit in the Civil District Court for the Parish of Orleans on Wednesday, August 31, 1966. The record reveals that on the day before her suit was filed, viz. on Tuesday, August 30, 1966, Dr. Landry had filed a separation suit against his said wife in the 29th Judicial District Court for the Parish of St. Charles on the ground of abandonment.
The record further reveals that Dr. Landry and his wife were married in the City of New Orleans on May 7, 1954 but subsequently established their matrimonial domicile in the City of Norco, St. Charles Parish, where it has remained ever since. Dr. Landry has retained his domicile in that parish. Four children were born of the marriage, aged from 3 to 11 years.
To Mrs. Landry's suit filed in the Civil District Court, the defendant, Dr. Landry, interposed an exception to the jurisdiction (venue) of the Court on the ground that "the matrimonial domicile is in the Parish of St. Charles and the plaintiff has not established a residence or domicile in the Parish of Orleans." The defendant husband also filed a plea of lis pendens based on the prior filing of his suit at the matrimonial domicile in St. Charles Parish.
The wife's suit in the Civil District Court came on for trial September 9, 1966 on a rule for a preliminary injunction, custody, and alimony and also for hearing on defendant's exception and his plea of lis pendens. Following argument thereon the Trial Judge referred the exception and plea to the merits and proceeded to hear testimony.
Mrs. Landry testified in part that on August 21, 1966, her husband physically ejected her and her children from their home in Norco; that she left Norco, with no intention of ever returning, and came to New Orleans where she rented living quarters *239 for herself and her children with the intention of establishing a residence and domicile in that city.
When defendant's attorney attempted to cross-examine Mrs. Landry relative to the events of August 21st, plaintiff's counsel interposed an objection which the Trial Judge maintained stating "* * * that's going into the merits of the case. All I'm interested in right now is whether the domicile is in New Orleans or it is not * * *." Further on the Trial Judge stated that he did not care to hear testimony relative to "what happened there" (Norco) "* * * because that goes to the merits of the case. All I'm interested in is whether her domicile is here." Then follows the following colloquy between defendant's counsel and the Court:
"Mr. Kliebert: In deciding her domicile don't you feel one of the questions involved is whether or not she's justified in having left the marital domicile?
"The Court: No, because she can voluntarily leave the marital domicile.
"Mr. Kliebert: I would offer, introduce in evidence the evidence of the husband's testimony that she had no reason to leave on that day, merely a voluntary leaving from the home, that it was no physical eviction and so forth, however the Court has prevented me from going into the question on the basis of your ruling that I could not question her relative to what happened on the specific date that she said was her basis for leaving. Is that still the Court's ruling?
"The Court: Still the Court's ruling on the basis that she could have voluntarily left with the intention of establishing a domicile in New Orleans in which event she would have had the right under the Code of Civil Procedure to bring the action here or she could have brought it in St. Charles Parish. She chose to bring it here so I maintain that this Court does have jurisdiction of her action."
Clearly the Trial Judge erred in refusing to permit cross-examination of Mrs. Landry on the events of August 21 and in refusing to entertain any testimony by defendant on that subject, thereby in effect ruling that such testimony was immaterial to the question of jurisdiction (venue).
Article 3941 of the Code of Civil Procedure (LSA-C.C.P. Art. 3941) reads as follows:
"An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
"The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity." (emphasis supplied)
It follows that in order to obtain a valid judgment in a separation suit filed in a parish other than that of the defendant's domicile or of the last matrimonial domicile it is essential that the plaintiff prove a domicile in that parish.
It is too well settled to require citation of authority that a married woman can have no other domicile than that of her husband except in those cases where the husband's misconduct compels or justifies her in leaving him and establishing a separate domicile elsewhere. Therefore when a wife sues her husband for separation from bed and board in a parish other than his domicile or the last matrimonial domicile she must prove as essential to a valid judgment in her favor that she is domiciled in that parish, and in order to prove her domicile therein it is essential that she prove that she was justified by her husband's misconduct in leaving him and establishing a separate domicile.
Proof of Mrs. Landry's allegations of misconduct on the part of her husband is *240 not only essential to a judgment in her favor on the merits of the instant case but such proof is a prerequisite to the venue of the Court, and the Trial Court erred in overruling the exception to the jurisdiction (venue) without permitting cross-examination of Mrs. Landry on this point and without hearing all of the evidence which might be brought to bear on the question of her husband's misconduct vel non.
We might conclude here by remanding the case for the reception of further evidence were it not for the fact that an even more vital question is posed by the action of the Trial Court in overruling the exception of lis pendens.
It will be recalled that the instant suit for separation on the ground of cruelty was filed by Mrs. Landry in the Parish of Orleans on August 31, 1966 and that a suit for separation on the ground of abandonment had been filed against his wife by Dr. Landry in the Parish of St. Charles on August 30, 1966.
Article 531 of the Code of Civil Procedure (LSA-C.C.P. Art. 531) reads as follows:
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." (emphasis supplied)
Plaintiff's counsel has called our attention to the fact that Dr. Landry's suit in St. Charles Parish was filed on Huey P. Long's birthday, a legal holiday under the provisions of Article 19, Section 22 of the Constitution (See also LSA-R.S. 1:55), and raises the question whether Dr. Landry's suit may be considered the "first suit", since Article 288 of the Code of Civil Procedure (LSA-C.C.P. Art. 288) apparently prohibits the filing of suits on a legal holiday. Be that as it may, Dr. Landry's suit was already in the office of the Clerk of Court on the very first moment of August 31st and there is no contention that Mrs. Landry's suit was filed in Orleans Parish prior to the usual opening hour (9 A.M.) of the clerk's office on that day. We are satisfied that Dr. Landry's suit was the "first suit" filed within the meaning of the Article 531 of the Code of Civil Procedure.
The reason given by the Trial Judge for overruling the exception of lis pendens was that while the two suits were between the same parties and had the same object, they were not based on the "same cause of action," one having for its cause cruel treatment and the other abandonment.
In our opinion cruel treatment on the part of the husband toward the wife is the essential element of both causes of action for if Dr. Landry was guilty of cruelty toward his wife she would have been justified in leaving him, there would have been no abandonment, and his suit would fall. On the other hand if he was not guilty of cruel treatment toward her, Mrs. Landry could not obtain a valid judgment in Orleans Parish.
In State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587, the Supreme Court said:
"It is well settled that the pleas of res judicata and lis pendens bear a strong analogy and that a fair test of lis pendens is to inquire whether a final judgment in the former suit would be res judicata in the latter, if it would then the exception of lis pendens is well pleaded." (citing authorities)
The Court also said:
"It is also well settled that when two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction and possession *241 of the res retains it to the end of the controversy to the exclusion of all others." (citing authorities)
Obviously the 29th Judicial District Court for the Parish of St. Charles first obtained jurisdiction of the subject matter and possession of the res, i.e. the marital status and its incidents relating to the community property of the spouses, custody of the children and alimony, and obviously a judgment of separation from bed and board together with all incidental judgments rendered therein relative to the community property, custody of children and alimony would be res judicata as to all matters involved in the wife's Orleans Parish suit.
For the foregoing reasons we are of the opinion that the Trial Judge erred in not maintaining the plea of lis pendens and dismissing plaintiff's suit. (See LSA-C.C.P. Art. 531)
Since any judgment rendered by a court of improper venue is an absolute nullity (See LSA-C.C.P. Art. 3941) and since the Trial Judge erred in overruling the exception to the jurisdiction (venue) of the Court without hearing all of the admissible evidence proffered relative thereto we are of the opinion that the judgment rendered on that exception is ineffective to support the Trial Judge's incidental orders, judgments and decrees relative to injunction, custody and alimony.
For this reason we shall not only maintain the plea of lis pendens and dismiss plaintiff's suit but shall also vacate and annul all of such incidental orders, judgments and decrees.

Decree
It is therefore ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Dr. William Burton Landry and against the plaintiff, Mrs. Victoria Moussa Landry, maintaining defendant's plea of lis pendens and dismissing said plaintiff's suit; all costs in the Civil District Court and here to be borne by plaintiff-respondent.
It is further ordered, adjudged and decreed that all orders, judgments and decrees rendered herein by the Civil District Court relative to injunction, custody and alimony, and particularly the judgment rendered and signed on September 9, 1966 relative to such matters be and the same are hereby vacated and annulled.
Reversed and rendered.