MILLER, Judge
(dissenting)[1].
I respectfully dissent from the finding that there was no palpable error in the trial court’s ruling and alternatively that no irreparable injury will ensue.
On June 23, 1969, the wife filed suit for separation in Natchitoches Parish, alleging cruel treatment. The husband filed exceptions of lack of jurisdiction alleging that Webster Parish is his domicile and the matrimonial domicile, and contending that he has not been guilty of cruel treatment. He alternatively contended that if there had been cruel treatment, this was condoned by reconciliation.
At the July 7, 1969 trial of the exception, it was established that Webster Parish was the matrimonial domicile, and that the wife moved to Natchitoches Parish on May 31, 1969. The wife failed to prove cruel treatment which would support a legal separation. Although several witnesses had been sequestered and some of the children of the marriage, were present at the hearing, the only witnesses to testify were the husband and wife. Her testimony was taken under cross-examination only. The testimony in the record suggests cruel treatment and while she may have evidence to prove cruel treatment, the record in its present state would not support a judgment of legal separation.
Proof of allegations of misconduct on the part of the husband is not only essential to a judgment in the wife’s favor on the merits of a suit for separation, but such proof is also a prerequisite to the venue of the Court. Landry v. Landry, 192 So.2d 237 (La.App. 4th Cir. 1966).
Since the wife did not prove cruel treatment, she cannot rely on the exception [explained in Comment (d)] to the jurisdictional rule provided in Code of Civil Procedure Article 3941. As I see it, by refusing this writ, we are permitting the Court to require a Webster Parish husband to defend a suit for judicial separation in Natchitoches Parish, before jurisdiction has been established in that court. Code of Civil Procedure Article 3941. Landry v. Landry, supra.
This constitutes irreparable injury, and I •respectfully dissent.

. This court’s writ denials were not published when this matter was handed down in 1969. I obtained permission to publish the dissent at this late date because the holding merits the attention of the bar. (Dissent handed down September 4, 1969.)