AYRES, Judge.
Plaintiff appeals from a judgment sustaining a motion of lis pendens and dismissing his suit.
The facts upon which the action of the trial court was based may be briefly stated. This action by the husband against the wife for a separation a mensa et thoro, predicated upon the ground of their living separate and apart for more than a year, was filed in the First Judicial District Court for Caddo Parish, Louisiana, on May 14, 1971. Prior to the institution of this action the wife had instituted an action on May 22, 1970, against the husband, likewise for a separation a mensa et thoro, in the Twenty-Seventh Judicial District Court in and for St. Landry Parish, predicated upon an abandonment of the wife and the matrimonial domicile by the husband on April 13, 1970, which matrimonial domicile had been previously established in Opelousas, St. Landry Parish, Louisiana.
In the course of the proceedings in the cause instituted in St. Landry Parish, the defendant therein filed an answer to plaintiff’s demands and, on the trial of a rule pendente lite, alimony was awarded to the wife and support to a minor whose temporary custody had been awarded to the mother. A preliminary injunction was also issued prohibiting the husband from disposing of any of the assets belonging to the community of acquets and gains existing between plaintiff and defendant. That action is presently pending in the Twenty-Seventh Judicial District Court for St. Landry Parish.
The judgment sustaining the motion of lis pendens was predicated upon the prior filing and pendency of the action in the district court in and for St. Landry Parish. It may be noted that both actions had for their object a separation from bed and board.
Pertinent here, insofar as applicable, are the provisions of LSA-C.C.P. Art. 531 which, in part, provide:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.”
The case of State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587 (1953), involved a plea of lis pendens alleging a prior suit predicated upon simi *185 lar grounds. This case was decided under Art. 94 of the Code of Practice, which was the predecessor of LSA-C.C.P. Art. 531. The court, in considering the nature of the plea of lis pendens, stated:
“It is well settled that the pleas of res judicata and lis pendens hear a strong analogy and that a fair test of lis pen-dens is to inquire whether a final judgment in the former suit would be res ju-dicata in the latter, if it would then the exception of lis pendens is well pleaded. Dick v. Gilmer, 4 La.Ann. 520; Bischoff v. Theurer, 8 La.Ann. 15; Exchange National Bank v. Holoman Bros., 177 La. 537, 148 So. 702.”
67 So.2d 589.
“It is also well settled that when two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction and possession of the res retains it to the end of the controversy to the exclusion of all others.”
67 So.2d 590.
See, also, the authorities therein recited: Demoruelle v. Allen, 218 La. 603, 50 So.2d 208; State ex rel. Terry v. Nugent, 212 La. 382, 31 So.2d 834; Geilinger and Blum v. Philippi, 133 U.S. 246, 10 S.Ct. 266, 33 L.Ed. 614; Lake Bisteneau Lumber Co. v. Mimms, 49 La.Ann. 1283, 22 So. 730 and cases cited therein.
The latter of the two pronouncements has apparently been modified to a limited extent, immaterial here, by the language of the last sentence of LSA-C.C.P. Art. 531, which reads:
“When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”
Plaintiff-appellant contends,' however, that the plea of lis pendens in the instant case is inapplicable in that this action and the one pending in the Twenty-Seventh Judicial District Court are based upon different causes of action, that is, as heretofore noted, Mrs. Hollier’s action was based upon abandonment whereas plaintiff’s action was based upon living separate and apart for a period exceeding one year. In support of this contention, plaintiff cites Smith v. Smith, 179 So.2d 433 (La.App., 3d Cir. 1965). There the wife had filed suit in Jefferson Parish in 1962 seeking a separation on the ground of cruelty. Subsequently, in 1965, the husband filed suit for a divorce in Rapides Parish on the ground of having lived separate and apart for more than two years. The wife filed an exception of lis pendens to the husband’s suit. The trial court held, and the Court of Appeal agreed, that the exception of lis pendens was not well-founded. The Court of Appeal observed, citing the Marston case, that:
“If a final judgment in the first suit would be res judicata of the second, the exception of lis pendens is well pleaded.”
179 So.2d 435.
Inasmuch as the first suit had for its object a judicial separation while the latter suit sought an absolute divorce, it is clear that a judgment of separation in the first suit would not constitute res judicata as to the action for a divorce in the second suit. Therefore, the Smith case is distinguishable from the instant case.
Landry v. Landry, 192 So.2d 237 (La. App., 4th Cir. 1966), supports defendant’s position in the instant case. There, the husband’s suit preceded that of the wife. Both actions sought a judicial separation, the husband’s on the ground of abandonment and the wife’s on the ground of cruel treatment. There it was contended, as is done here, that though the two suits were between the same parties and had the same object, that is, a separation they were hot based upon the same cause of action, one having for its cause cruel treatment and the other abandonment. This contention was rejected. Clearly, a judgment in either of the cases, being a judgment of sep *186 aration, would constitute res judicata as to the issues presented in such other suit. Such is the condition of the two actions with which we are concerned in the instant case.
We find no error in the judgment appealed ; and, hence, for the reasons assigned, it is affirmed at plaintiff-appellant’s costs.
Affirmed.