GULOTTA, Judge.
Plaintiff, a resident of the Parish of Jefferson, filed suit for separation in that parish. St. John the Baptist Parish is the domicile of the defendant and was also the matrimonial domicile of the parties.
Defendant filed an exception of venue to a rule by the wife for an increase in the amount of the alimony award. Other rules for suspension of alimony, reduction of alimony, and transfer of custody were filed by the defendant and are pending; however, those matters are not before us at this time.
At a hearing on the venue question, it was ascertained that plaintiff was temporarily in the State of California and her testimony was not available to the court at that time. The matter was continued to a specific date. During the interim, the trial judge granted plaintiff’s motion that defendant deposit $468.00 for Mrs. Brady’s travel expenses from California. The matter was continued until such funds were made available. Upon Brady’s application, we granted an alternative writ of certiora-ri. It is in connection with a hearing on this writ that the propriety of the trial judge’s order requiring the placement of the deposit is before us.
Brady’s contention is that since his wife filed the suit for separation under LSA-R.C.C. art. 138 in a parish other than his domicile or the last matrimonial domicile, she must show that she is domiciled in the parish in which she filed suit. It is essential that she further show she was justified by her husband’s misconduct in leaving him and establishing a separate domicile. This issue must be decided in a hearing on the venue question before the court has any jurisdiction to hear or pass on any other aspects of the litigation. Applicant relies on the case of Landry v. Landry, 192 So.2d 237 (La.App. 4th Cir. 1966). Brady further contends that until the trial judge determines the question of venue, it is without authority to issue any orders and particularly that which requires the deposit for transportation costs of the wife. State ex rel. Hart v. St. Paul, 104 La. 6, 28 So. 915 (1900).
Mrs. Brady argues that her testimony is imperative for the hearing on the determination of the question of venue. She further contends that the community is responsible for the payment of the wife’s attorney’s fees and costs incurred by her in the action for separation under LSA-R. C.C. 155. She contends that the payment of the expenses herein are costs of the community and that she lacks funds because her husband has not paid any alimony or child support since June, 1971, although under judgment to pay $69.23 per week.
While equitable reasons might be assigned for the payment of the transportation costs by either party to the litigation, the issue is whether the order of the trial judge for the deposit of the transportation costs of the wife by the defendant is in furtherance of the determination of the question of venue. Once having the issue of venue before it, the court under the Landry and St. Paul cases must first determine the question of jurisdiction. It, therefore, follows that orders issued by the court should pertain to matters relating to a determination of that question.
Further, it is apparent that the wife’s testimony is material and necessary in the determination of the venue question. It, therefore, follows that the order relating to transportation costs for her return is in furtherance of the venue question. Moreover, the trial judge must be afforded broad latitude and discretion in the exercise of his authority in the conduct of the proceedings. After considering the record and in the absence of any showing of any abuse of this discretion or irreparable injury to applicant, we are of the opinion that the alternative writ of certiorari heretofore *618 issued should be recalled and set aside and the matter should be remanded for further proceedings consistent with the views expressed herein.
Writ recalled and set aside.