GULOTTA, Judge.
On application of Aaron Lester Sarpy, we granted an alternative writ to the trial judge to (a) either recall, vacate or set aside his judgment dated March 26, 1974 dismissing relator’s exception of lis pen-dens to his wife’s suit for separation on grounds of cruelty, or (b) to transmit the record to this court so that the validity of the judgment might be ascertained.
The basis of the exception of lis pendens is that a prior suit was pending in Jefferson Parish by the husband for spearation *193 on grounds of abandonment under LSA-C.C.P. art. 531.[1]
Subsequent to Sarpy’s suit (dated February 12, 1974) in Jefferson Parish, the wife filed suit (dated February 15, 1974) in Orleans Parish seeking a separation on the grounds of cruelty. She also filed an exception to the jurisdiction in the Jefferson parish suit. On February 25, 1974 Sarpy filed exceptions of lis pendens, jurisdiction and venue and a motion for continuance (without submitting to the jurisdiction of the court). On March 12, 1974 judgment was rendered in Jefferson Parish overruling Mrs. Sarpy’s exception to jurisdiction. On March 22, 1974 judgment was rendered in the Civil District Court for the Parish of Orleans dismissing Sarpy’s plea to the jurisdiction, venue and lis pendens. Upon application, we granted alternative writs directed to the judge in Civil District Court as set forth hereinabove.
The trial judge chose not to vacate his judgment, and the matter is before us on certiorari.
Considering the application and opposition, we conclude the trial judge erred in dismissing the exception of lis pendens. Clearly, the Civil District Court has jurisdiction over the subject matter and venue over the persons. The first filed pending suit in the Parish of Jefferson between the same parties involving the same cause of action required the exception of lis pen-dens be maintained in the Civil District Court when, as in the instant matter, there has been no waiver of the exception. See Hollier v. Hollier, 258 So.2d 183 (La.App. 2nd Cir. 1972).
However, respondent, Mrs. Sarpy, argues the exception has been waived by relator by the filing (in the Orleans Parish suit) of motions for continuance; motions to quash Subpoena Duces Tecum; motions to quash the taking of the depositions; opposition to motion for production of documents ; and notice to take depositions.
We fail to find in the record the documents referred to by respondent. On February 25, 1974 relator filed the exception of lis pendens and a separate motion for. continuance of a pending hearing on alimony, support and injunctive relief. No appearances were made in the Orleans Parish suit prior to the filing of^the plea of lis pendens. In the motion for continuance, relator states he appears only for the purpose of the motion without submitting to the jurisdiction of the court. Though the plea of lis pendens and the motion for continuance were filed on the same day, there is no indication which motion was filed first on that day. However, it is reasonable that the exception of lis pendens was filed before the motion for continuance, inasmuch as the exception appears first in the record, or was at least filed at the same time. See C.C.P. art. 925.
Any protective pleadings filed after the exception of lis pendens cannot serve as the basis of a waiver. We conclude, therefore, that relator has not waived the plea of lis pendens.
The writ is made peremptory, and accordingly, it is ordered that The Honorable Henry J. Roberts, Jr., Judge, Division “F”, Civil District Court for the Parish of Orleans, recall, vacate and set aside the judgment of March 26, 1974 dismissing the exception of lis pendens and render an appropriate order in accordance with LSA-C.C.P. art. 531 dismissing plaintiff’s suit in the Civil District Court. All costs are to be paid by respondent plaintiff, Theresa LoCicero Sarpy.
Writ peremptory.

. LSA-C.C.P. art. 531 states:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”