PER CURIAM.
Judgment was rendered in the Family Court for East Baton Rouge Parish on May 16, 1979, granting unto Mrs. Varel Lee Wasson a separation from bed and board from Robert Dale Wasson. The judgment further fixed custody and child support.
This suit was filed on January 3, 1980 in the 21st Judicial District Court for Livingston Parish by Mr. Wasson, seeking a divorce on the grounds of living separate and apart for one year subsequent to October 30, 1978. The suit also prays that Mrs. Wasson be granted custody of the children, but no mention is made of child support.
To the petition, Mrs. Wasson filed a decli-natory exception of lack of jurisdiction, alleging the judgment of the Family Court to be dispositive of the issues of custody, alimony pendente lite and child support, and praying that the 21st Judicial District Court decline jurisdiction over those matters.
After a hearing, the exception was overruled, and Mrs. Wasson applied to this court for a writ of certiorari. This court issued an alternative writ, ordering the district judge to dismiss the petition as to custody, visitation rights and child support, or to show cause why the writ should not be made peremptory. Both the trial judge and Mr. Wasson elected to respond to the writ.
We now find the writ to have been improvidently issued. The Livingston Parish Court is certainly one of proper venue, since Mr. Wasson is domiciled there and separation and divorce actions may be brought in *72 the parish of the domicile of either spouse. Article 3941, Code of Civil Procedure. There is also jurisdiction over Mrs. Wasson personally, since personal service was made on her, and over the status of the parties, since both are Louisiana domiciliaries and the grounds alleged for the divorce occurred in this state. Articles 6 and 10, Code of Civil Procedure; Smith v. Smith, 179 So.2d 433 (La.App. 3rd Cir. 1965).
The Family Court judgment fixed custody and child support pendente lite. The Livingston Parish suit seeks to adjudicate these matters as a consequence of a final divorce. A judgment of divorce has the effect of terminating all prior orders relative to matters incident to the proceeding, such as custody and child support. It is therefore proper that these matters be considered by that court, so that proper provision can be made relative thereto. Smith v. Smith, supra.
The alternative writ heretofore issued is therefore recalled, and the case remanded to the trial court for further proceedings in accordance with law. Mrs. Wasson shall pay all costs of this writ application and all other costs shall await final determination hereof on its merits.
WRIT RECALLED.