STOKER, Judge.
Brett Anthony Clark appeals two judgments: one which set up a joint custody plan concerning his son, and another which dismissed his exception of lis pendens.
FACTS
Belinda and Brett Anthony Clark were married in February 1979, and have a child, Brett Michael, born December 3, 1981. Brett Anthony petitioned for separation in August 1984, and asked for either joint custody or exclusive custody of the child. Suit was filed in the Twenty-seventh Judicial District Court in St. Landry Parish, based on the couple’s matrimonial domicile in Melville. On September 20,1984, a judgment of separation was rendered based on mutual fault. That judgment set forth a joint custody plan by which the parents were to alternate custody of the child every two weeks. Brett was ordered to pay Belinda $100 per month child support.
Brett filed a rule for contempt on March 12, 1985, alleging that Belinda had violated the terms of the custody plan by spending the night with a boyfriend in Krotz Springs. Brett asked that home studies be prepared through the DHHR, and that a hearing be set to determine why Brett should not be awarded sole custody. Alternatively, he requested a change in the custody plan. Home studies were prepared at *818 Brett’s parents home, where he lives, at Belinda’s mother’s home, where she lives, and at the boyfriend’s trailer in Krotz Springs. Brett’s rule was set for hearing on July 12, 1985.
On March 28, 1985, Belinda filed for divorce in the Twelfth Judicial District Court in Avoyelles Parish, claiming that she has re-established a domicile at her mother’s home in Simmesport. She alleged that she and Brett had been separated for six months without reconciliation. She asked for sole custody, arguing that the joint custody award is not in the child’s best interest, as she lives in Simmesport and Brett lives in Melville. She also asked for child support of $225 per month.
Brett filed declinatory exceptions of lack of subject matter jurisdiction, lack of venue, and lis pendens.
The Avoyelles Parish judge dismissed the declinatory exceptions. No disposition was made of the divorce demand, but the judge set forth a custody plan involving the alternation of custody at six-month intervals, subject to visitation by the non-custodial parent. Brett was ordered to pay $100 per month for child support.
Both Brett and Belinda appeal. We find merit in one of Brett’s assignments of error, and we reverse the judgment of the Twelfth Judicial District Court.
The judge dismissed Brett’s exception of lis pendens based on an argument by Belinda’s attorney that “a judgment of divorce terminates awards for child support, alimony pendente lite, made in prior judgments of separation from bed and board.” The attorney claimed that Belinda’s divorce “supersedes” the separation judgment, and that the custody demand is ancillary to the divorce action.
The analysis followed by the judge may have been valid before 1981, but in that year the Supreme Court abolished the earlier jurisprudential rule by holding that an action for child support was not incidental to a separation or divorce action. Lewis v. Lewis, 404 So.2d 1230 (La.1981). The Lewis rule has been extended to child custody cases. See Howard v. Howard, 409 So.2d 279 (La.App. 4th Cir.1981). Until 1983, the general rules of venue in LSA-C.C.P. art. 42 were applied. See Parker v. Parker, 432 So.2d 1010 (La.App. 1st Cir.1983). The legislature closed the gap in 1983 by enacting LSA-C.C.P. art. 74.2, which provides venues for obtaining and changing custody.
Brett filed a rule for sole custody in the Twenty-seventh Judicial District Court on March 12, 1985. Belinda brought a similar action in the Twelfth Judicial District Court on March 28, 1985. Both venues were appropriate under LSA-C.C.P. art. 74.2. Both actions involved the same causes of action, the same parties, and the same object. We feel that under LSA-C.C.P. art. 531, Brett’s exception of lis pendens filed in the Avoyelles Parish court based on the earlier action required the dismissal of Belinda’s custody demand. We note that this court considered an exception of lis pen-dens in a similar situation in Robinson v. Robinson, 474 So.2d 46 (La.App. 3d Cir. 1985). There we held that the suit was improperly dismissed because the defendant failed to offer sufficient proof of a pending action in another court. In the case before us the record clearly shows that suit was pending in the Twenty-seventh Judicial District Court when Belinda filed her action in the Twelfth Judicial District Court.
For the foregoing reasons, we reverse the judgment of the Twelfth Judicial District Court, and we dismiss Belinda Clark’s action on the exception of lis pendens.
REVERSED.