CHEHARDY, Chief Judge.
In this suit by a wife to interdict her husband, the wife appeals a judgment that granted the husband’s exceptions of lis pendens and improper venue and transferred the case to another court.
On May 29, 1987, Terry Lemon filed a petition in the 24th Judicial District Court, Parish of Jefferson, seeking to interdict her husband, Donald Lemon Sr. She alleged that Donald Lemon suffers permanent disability and brain damage resulting from serious injuries he sustained in a vehicular accident in 1983; that he is thereby rendered incapable of administering his estate; and that he should be placed under the care of a court-appointed curator.
In response, Donald Lemon filed exceptions of no right of action, lis pendens and improper venue. He alleged that Terry Lemon had previously filed an interdiction action in the 23rd Judicial District Court, Parish of Assumption, which was then pending, precluding prosecution of the suit in the 24th Judicial District Court. He also asserted Terry Lemon had no right of action because of a pending divorce action between the parties and because she was a co-plaintiff with him in a personal injury suit arising from the 1983 accident, in which she had never alleged mental incapacity on his part. Finally, he alleged venue was improper, contending he is domiciled in Assumption Parish.
Following a hearing on the exceptions, the judge of the 24th Judicial District Court rendered judgment in Donald Lemon’s favor. He found that the suit filed in Assumption Parish on May 21, 1987, was the same as the one filed in Jefferson Parish on May 29, 1987. He also found that Donald Lemon intended to be domiciled in Assumption Parish, despite his lengthy absence from that parish while undergoing recuperation and rehabilitation from his injuries.
Accordingly, the judge maintained the exceptions of lis pendens and improper venue and transferred the case to Assumption Parish for consolidation with the interdiction suit pending there. Following denial of her motion for new trial, Mrs. Lemon took this appeal.
LSA-C.C.P. art. 531 provides,
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”
The record establishes that the interdiction suit filed in the 23rd Judicial District Court was thé same as the one filed eight days later in the 24th Judicial District Court and that the earlier suit was still pending at the time of the hearing in the 24th Judicial District Court. On that basis alone, the court was required to dismiss the later suit upon the defendant’s exception of lis pendens. Morice v. Morice, 386 So.2d 913 (La.1980); Clark v. Clark, 490 So.2d 817 (La.App. 3 Cir.1986); Sarpy v. Sarpy, 295 So.2d 192 (La.App. 4 Cir.1974), writ refused 299 So.2d 794 (La.1974). The 24th Judicial District Court judge correctly maintained the exception of lis pendens.
The court erred, however, in ruling on the exception of improper venue. Although venue is jurisdictional in interdic *1055 tion proceedings (see LSA-C.C. art. 392, LSA-C.C.P. art. 4541) and may not be waived (LSA-C.C.P. art. 44), once the determination was made that the same suit was already pending in another court the court should simply have dismissed it without considering the question of venue. Determination of correct venue should have been relegated to the court in which the first interdiction suit was filed, upon proper application by the plaintiff for change of venue pursuant to LSA-C.C.P. art. 121. We shall amend the judgment accordingly.
Finally, C.C.P. art. 531 provides only for dismissal of a suit assailable on an exception of lis pendens. Here, rather than dismissing the interdiction suit, the judge transferred the matter to the 23rd Judicial District Court (apparently under the provisions of C.C.P. art. 121). In view of our determination that only lis pendens should have been considered, that was an incorrect disposition. Donald Lemon has neither appealed nor answered the appeal to complain of that disposition, however, and we find it unnecessary to amend the judgment in that respect.
For the foregoing reasons, therefore, the judgment of the district court is amended to omit reference to the exception of improper venue. In all other respects the judgment is affirmed. Costs of this appeal are assessed against the appellant.
AMENDED AND AFFIRMED.