## No. 8327.

THE STATE OF LOUISIANA EX REL. J. A. DARDENNE, PRESIDENT POLICE JURY, ET AL. VS. JAMES L. COLE, JUDGE OF THE TWENTY-THIRD JUDICIAL DISTRICT COURT.

The District Judge has the power to determine whether witnesses have been heard as *experts* and what compensation they should receive as such.  C. P. 462.

Having so determined, he has power by Mandamus to order payment of such compensation by the Parish treasurer.  C. P. 130.

Such compensation may be fixed by the Judge *ex parte.*

The petition for a Mandamus needs not be in the name of the State. It is only the Writ that must be issued in the name of the State.  And the prayer of such Petition being for an *Order commanding*, etc., is equivalent to a prayer for a *Mandamus.*  The word is not sacramental.

This Court will not issue the writs of Prohibition and Certiorari to inferior judges in cases in which they have exercised their legal authority and discretion.  Previous Decisions affirmed.

APPLICATION for Writs of Prohibition and Certiorari.

*E. B. Talbot,* District Attorney, for the Relators.

. *Chas. O. Lauve* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  The object of this proceeding, which is for a *certiorari* and prohibition, is to have it judicially declared, that a District Judge has no power, in a criminal proceeding before him, to determine: that certain witnesses, who testified in the case, did so as *experts ;* that they are entitled to compensation as such; that such compensation is chargeable *ex parte* among the costs; that the parish in which the case was prosecuted is bound for such costs, and that payment of the allowance can be enforced by *mandamus* in his court.

The District Judge has made an elaborate, learned and scientific return to justify his conduct.

In the case of the State vs. Baker, indicted for an attempt to com-

mit murder, by attempting to administer broken glass in small quantities to one Shiff, it is stated that all the witnesses, who knew of the facts of the case were summoned by both parties, and that on the day of trial, Drs. Postell, Hiriart and Schwing, who had been subpœnaed, were sworn and testified. It is claimed that they knew nothing of the facts, and were heard as witnesses to express an opinion on a scientific question, which was, whether broken glass, administered to a person in his food, was poisonous or not.

The court considered them as *experts* and, for their services as such, allowed each of them ten dollars as compensation, to be included among the taxed costs in the case.

On refusal of the parish treasurer to pay these items, a *mandamus* was asked to coerce payment, but the question presented was not decided.

The present proceedings propose to prevent such payment and to have the preceding orders of the District Judge avoided and set aside.

The District Court for the Twenty-third Judicial District had jurisdiction over the criminal case and, necessarily, of all matters incidental to or growing out of it, particularly of the question of costs, which no other court could assume to determine for it. The accessary always follows the principal.

Under the provisions of article C. P. 462, the court was specially empowered to determine in a civil matter growing out of the criminal proceeding, whether the witnesses had been heard as *experts* and what compensation they were entitled to receive.

The complaint that the compensation was fixed and allowed in *an ex parte* proceeding, is not well founded. Had an account of the same been made and certified by the clerk and by the judge (which could have been, and is usually, done *ex parte*), it would have been the duty of the parish treasurer, under the terms of Sec. 2776 of the R. S., to have paid the same had he been in a condition financially to do so. Because the claim is not presented in that, but is established in a different and better form, *a decree of court,* it does seem that there should be no cause of complaint. On failure by the parish treasurer to pay, without sufficient cause shown, the proper remedy to enforce payment would be by *mandamus.* C. P. 834; 6 An. 68; 14 An. 225, 249, 289; 18 An. 196; 21 An. 352; 27 An. 168; 30 An. 517.

If the District Judge had a right, which we recognize, of deciding the question of remuneration, and, in his discretion, has allowed the compensation, he certainly had authority to entertain the *mandamus* proceeding, as judges possess the powers necessary for the exercise of their respective jurisdictions, even though the same be not expressly given by law. C. P. 130.

In the case of State ex rel. Houston vs. New Orleans, 30 An. 82

in which the judge of the Criminal Court had issued a mandamus on the city to pay sheriff's fees, the question of jurisdiction raised by the corporation was not even noticed by the Court. The Court reversed the judgment of the District Court making the mandamus peremptory, because of the special legislation found in Act No. 5 of 1870, prohibitive of *mandamus* proceedings against the city for the purpose of drawing money from the municipal treasury and, no doubt, also of other special recent legislation (Act 1877, No. 55, p. 86,) making the approval of the bill of costs in such cases only *prima facie* from conclusive, which it previously was. 14 A. R. 249, 225; 27 An. 168.

A right to that process was distinctly recognized also in 30 An. 517, where the District Judge had approved bills for expenses in criminal cases due the sheriff.

We consider that the proceeding before the District Judge is for a *mandamus*, although the petition be not in the name of the State on the relation, etc., and the name of the writ is not mentioned in the prayer, which is simply that an order be made commanding the payment, etc. It was not necessary that the petition be made in the name of the State. It is the writ that issues in the name of the State. The petitioner was not bound in his prayer to ask for a *mandamus*. He prayed for an *order commanding*. Those words cover the word mandamus, and determine the character of the action. The District Judge had authority to entertain the application and has jurisdiction over the demand so as to allow or disallow it, a thing which he does not appear to have done. 33 An. 498; C. P. 829, 834.

Whether the District Judge has erred or not, in the exercise of the judicial discretion with which the 'law has vested him, is a question which in an application for a prohibition and *certiorari* in an unappealable case, we cannot consider. We have nothing to do in such case with the correctness of the rulings of inferior tribunals. Our judgment can be sought and obtained only in cases in which it is distinctly charged that there has been an usurpation of jurisdiction or that the forms of law have been disregarded and its requirements violated. 33 An. 257, and cases there decided.

It may be that the District Judge has grossly erred in finding that the witnesses who were heard, acted as *experts*, not having been previously legally appointed for the purpose of serving as such, and that he was wrong in allowing them a compensation for their services. It is possible, in the abstract, that he intentionally acted in utter disregard of the facts and of the law, but we cannot presume here that he did. If such were the case, he, nevertheless, would have acted within the scope of his judicial authority. He may have abused his discretion; but for such wrongful use he is not now answerable to this Court. He may

be amenable for it at the proper time and before the proper authority; but under no circumstance can we review, in this proceeding, the correctness of his findings and rulings.

It may well be, also, on the other hand, when the *mandamus* proceeding shall come up for trial, if the correctness of his previous orders is contested for patent errors, that he will permit the relators to establish their defense, acknowledge a mistake, if any was committed, and refuse the relief asked, but, with what he may do, or will have done, we cannot presently deal. We merely decide, that he has jurisdiction over the proceeding brought to enforce payment of his previous allowance, and that we cannot now pass upon anything but the *extrinsic* correctness of the rulings complained of, and which, we find, were made in the forms pointed out by law.

It is, therefore, ordered that the preliminary orders herein made be revoked, and that the petition for a prohibition and *certiorari* be refused at the cost of relators.

Mr. Justice POCHÉ dissents.

### DISSENTING OPINION.

POCHÉ, J. I cannot concur with the opinion of the majority in this case.

The writ of mandamus is not a writ of right, and must not issue in doubtful cases.

It cannot issue against political corporations, such as police juries, when the duty required of them implies the exercise of judgment and discretion, hence, it cannot issue to a police jury to compel the payment of a specific sum of money not judicially ascertained, and finally adjudicated upon contradictorily with the corporation. In the case of the State ex rel. J. D. Houston vs. City of New Orleans, where relator was asking for a writ of mandamus to compel the payment of fees due him in criminal cases, our immediate predecessors held that the approval of such bills by the clerk and the judge of the court was not conclusive of their correctness against the city, and recognized the power of the latter to protect itself against the illegality or error of such approval, and the opinion concluded that, in a case where the relator's claim had not been acknowledged by a final decree of a competent court, it cannot be enforced by mandamus.

This rule is so well established that it is not gainsayed by the majority of the Court in this case.

But it is held that under section 2776 of the Revised Statutes, providing for the mode of paying expenses in criminal prosecutions, the claim of Dr. Postell, as expert in the case of the State vs. Baker et al.

State ex rel. Dardenne vs. Cole, Judge.

having been approved and ordered to be paid by the judge, the objection of the parish authorities to pay such claim, under an approval which is conclusive and equivalent to a decree of a competent court, becomes merely a ministerial duty, which can be enforced by mandamus.

It is in this conclusion that I humbly differ with my learned brothers. I hold that such an approval is binding upon the parish in so far only as it does not appear upon its face to be made without authority of law, or in direct violation of law.

In this conclusion I am borne out by numerous decisions of this Court, as well as by reason. If the bill on its face showed that it was to reimburse the accused for the expenses incurred by him in his defence, such as the employment of counsel, or for the bribery of witnesses, no one would claim that such a bill, duly approved by the clerk and by the judge, would be conclusive against or binding upon the parish authorities, and no court of justice would enforce the payment of such a bill of costs by mandamus or otherwise.

As stated by this Court in the case of Parker vs. Robertson, 14 An. 246, " As the certificate is the evidence of the exercise of a special and limited jurisdiction, *it must show upon its face a case within that jurisdiction.*

" If, for example, the certificate of the clerk and judge show upon its 'face that it was for fees in civil suits,' payment might be refused * * 'because there is no law empowering the judge and clerk to certify them in order to have them paid by the State.'"

The same doctrine was recognized in the case of Fitzpatrick vs. City of New Orleans, 27 An. 457, and in State ex rel. Barrow vs. Fisher, 30 An. 517. Now, in the case at bar, the record fails to show that Dr. Postell was summoned or testified as an expert; the only reference to him as an expert, being in the *ex parte* order of the judge, fixing his compensation as such.

But be that as it may, I am aware of no law in this State authorizing the judge of a court to fix the compensation for services rendered by witnesses as experts in criminal prosecutions, and I, therefore, maintain that the act of the judge fixing such compensation, being unauthorized by law, is not binding upon the parish.

The law regulating the payment of expenses incurred in criminal prosecutions is to be found in the Revised Statutes of 1870, sections 1042 and 2776, which are identical, and both provide that such expenses, including specifically the pay of witnesses, shall be paid by the respective parishes in which the offence charged may have been committed, the same to be paid by the parish treasurer after an account thereof shall be duly certified to be correct by the clerk and the presiding judge thereof; and section 3946, which provides that " witnesses in all criminal

State ex rel. Dardenne vs. Cole, Judge.

prosecutions shall be paid *one dollar for each day* they may be detained on the trial of such cause," etc. As the law thus fixes and restricts to one dollar a day the compensation of all witnesses in all criminal prosecutions, the question presented is, therefore, where did the District Judge find any law authorizing him to fix the compensation of the witness, Dr. Postell, at *ten* dollars a day, because he testified as an expert? If, without warrant or authority of law, he can increase the compensation of a witness in a criminal prosecution from one dollar to ten dollars a day, what can prevent him from increasing such compensation to one hundred dollars or more? And yet we are told that his action in such a case is final and conclusive and that the treasurer must be coerced by mandamus to pay such claim, without the right or power to contest the legality of the approval. I have sought in vain for, and I undertake to assert that there is no law in this State which makes a difference for the purpose of compensation, between ordinary witnesses and experts in criminal prosecutions.

Art. 462 of the Code of Practice authorizing the court to fix the compensation of experts, etc., refers manifestly and exclusively to *civil suits*, and not to criminal prosecutions, in which the payment of costs is regulated by other special and distinct provisions of law.

I therefore conclude that the certificate of the judge and clerk, allowing to Dr. Postell, a witness in a criminal prosecution, a compensation of ten dollars a day, is unwarranted by law, is therefore not conclusive on the parish, has not the force of a decree emanating from a competent court, is open to legal resistance on the part of the parish treasurer, and that therefore such a claim cannot be enforced by mandamus. One of the principal objects which prompted the Constitutional Convention to frame Art. 90, under which we have a supervisory control over all inferior courts, was to confer on this tribunal the means of shielding and protecting the people against the very abuses of power illustrated by the conduct of the District Judge in this case, the repetition of which has greatly contributed to entail on the parishes of this State the immense debt which weighs them down, and has created high taxation. A proper case is now presented and we should have applied the remedy.

For these reasons I dissent from the opinion and decree in this case.