ROGERS, J.
 

 The parties litigant are husband and wife. On July 2', 1927, the former sued the latter, asking for a judgment of separation from bed and board, on the ground of abandonment, and praying for the custody of the two children, issue of their marriage.
 

 Defendant admitted the abandonment alleged, and attached to her answer an
 
 agreement
 
 between her and her husband, wherein it was stipulated that the latter was to pay certain alimony to his wife; that the custody of the children was to be shared equally ; and that a judgment should be rendered accordingly. This agreement was subsequently repudiated by defendant, who submitted under her signature another form of agreement, which, however-, was never signed •by plaintiff.
 

 On January 14, 1928, after a hearing, the judge below, holding that the agreements o'f the parties were not binding on the court, and that, in any event, defendant had not
 
 *312
 
 complied therewith, declined to allow defendant any alimony, and rendered judgment in favor of plaintiff as prayed for. Two days after the rendition of the judgment, the judge below, upon defendant’s application, granted a devolutive appeal, hut refused to grant a suspensive appeal. The defendant failed to perfect the appeal allowed by failing to file an appeal bond. Subsequently, five days prior to the expiration of the delay fixed by law for taking a devolutive appeal, defendant applied in writing for such appeal. Plaintiff, through his counsel, objected to the application, on the ground that defendant had confessed judgment and, later, had acquiesced therein. After hearing the parties, the judge below refused to grant defendant the appeal applied for, and she has petitioned this court for the appropriate writs to compel him to do so.
 

 The sole question before the court, at this time, is whether defendant is entitled to a devolutive appeal from the judgment rendered against -her. We think she is. Her application was made within the delay prer scribed by law, and the requisite bond was offered at the same time and is now on file in the office of the clerk of the district court.
 

 Plaintiff’s contention that defendant had confessed judgment is not well founded. The contention is based on the averment in defendant’s answer that for sufficient reasons she had abandoned the plaintiff. But defendant denied all the other allegations of plaintiff’s petition. She expressly contested his demand for the custody of their children, and she insisted on her claim for alimony for their care and in her own behalf. Attached to her answer is an agreement which was to be the basis of the judgment.
 

 Conceding that the agreement of the parties is not binding on the court, and, pretermitting any question as to their right, under the provisions of Act 27 of 1926, § 1, par. 4, to consent to the judgment, nevertheless the fact remains that the judgment as rendered is not in conformity with the agreement. Under the terms of the judgment, defendant is deprived of the custody of her children as well as of any alimony in their or her own behalf. Non constat that, if she had known that such would be the effect of her agreement, she would have entered into it at all, and then, admitted, in an attempt to carry it out, that she had abandoned her husband. Where parties litigant have agreed in writing to a judgment, and the judgment as rendered does not conform to the agreement, either party has a right to appeal in order to correct the error, Sprowl v. Stewart, 19 La. Ann. 433.
 

 We do not find from the record before us that defendant has acquiesced in the judgment from which she is appealing.
 

 For the reasons assigned, the rule nisi herein issued is made absolute, and accordingly, it is ordered that the judge of the district court, upon such bond as he may fix, grant defendant Mrs. Adelaide Shanley Tate a devolutive appeal from the judgment rendered and signed on January'14, 1928, decreeing plaintiff Albert Tate a judgment of separation “a mensa et thoro” and granting plaintiff the permanent care, custody, and control of Albert Tate and Edith Tate, minor children of the marriage. The costs of these supervisory proceedings are to be paid by plaintiff Albert Tate.