ROGERS, J.
 

 This is a devolutive appeal which is before this court in obedience to our decree ordering that it be granted by the judge of the district court. See Tate v. Tate, 168 La. 309, 121 So. 877.
 

 The parties are husband and wife, and the appeal is from a judgment in favor of the husband decreeing him a separation from bed and board from his wife, on the ground of abandonment. The judgment also awarded the husband the custody of the two children, issue of the marriage, and denied alimony to the wife.
 

 The ease was tried and the judgment rendered under the provisions of Civ. Code, art. 145, as it existed prior to its amendment by Act 271 of 1928.
 

 Appellant contends that the judgment should be annulled for two reasons, viz.: (1) That it was erroneously rendered against her as an absentee; and (2) that it does not conform to the agreement between the parties.
 

 1. The petition, citation, and the first summons to return to the matrimonial domicile were .served on the defendant in person. The second summons was served on a curator ad hoc appointed to represent the defendant in her absence from the state. The third summons and copies of each of the three preliminary judgments were served on defendant’s counsel of record, she having filed an answer to the suit.
 

 The defendant in her answer admitted the abandonment alleged, and declared her intention of not returning to the matrimonial domicile. Defendant justified her action and intention by specifically averring that she had no love for her husband, thoroughly detested him, had no respect for him, and that her life with him had been unbearable.
 

 After the three summonses to return had been served in the manner hereinabove indicated, the case was regularly fixed and tried on the summonses, and a preliminary judgment condemning the defendant to return to the matrimonial domicile was rendered and signed. This judgment was served for three consecutive times, with the proper intervals elapsing between each service, as hereinabove set forth. The case was then fixed for January 11, 1928, for final hearing. On that day, in the absence of the judge, by consent of counsel, the evidence in the case was taken before the clerk of court. On January 14, 1928, the final judgment was rendered and signed by the judge.
 

 Neither at the time of the trial and rendition of the preliminary judgment, nor at the time of the trial and rendition of the final judgment, was any objection made by defendant, or by her counsel of record, to the method of serving: the summonses to return or the preliminary judgment ordering such return. It is now too late to urge such objection. If
 
 *865
 
 the service of the summonses and the preliminary judgment was improper, which is by no means conceded, the defendant clearly waived the impropriety by going to trial on the merits without excepting or objecting to such service.
 

 2. The judgment appealed from is not in conformity with the agreement entered into on behalf of the parties by their respective counsel. But when counsel for plaintiff offered the agreement in evidence on the trial of the case, the offer was objected to by counsel for defendant on the ground that the agreement had been repudiated by the defendant. In its stead, counsel for defendant then submitted what he called “another agreement,” which was signed by the defendant alone.. If it be conceded that the judge should or would have followed the recommendations contained in an agreement between the parties, it is plain there was no such agreement before him. The only question submitted for decision on the record was whether plaintiff had made out a case of abandonment by his wife. The judge having reached the conclusion that plaintiff had done so, the incidental questions of the custody of the children and of alimony necessarily followed his decision on the main demand.
 

 The judgment so far as it awards plaintiff the custody of his minor children is not irrevocable. It is subject to modification at any time when a change of conditions requires it. Pullen v. Pullen, 161 La. 721, 109 So. 400, and the authorities therein cited.
 

 Our conclusion is that defendant’s appeal does not present any justifiable cause for complaint.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent.