20 So.2d 412

STATE ex rel. DIVENS v. JOHNSON.

In re JOHNSON.

No. 37661.

Dec. 11, 1944.

HIGGINS, Justice.

The father of a twelve year old daughter applied for a writ of habeas corpus, alleg-

ing that on Oct. 26, 1934, in a divorce proceeding against his wife on the grounds of adultery, he had been awarded the permanent care and custody of the child, and that the mother was unlawfully detaining her and refused to surrender her to him.

The defendant filed a plea of lis pendens averring that the identical issue between the same parties was pending in this Court under No. 37672 of the docket, on a suspensive appeal taken by her from an adverse judgment of the same court rendered in the divorce case. She also excepted to the jurisdiction of the district court on the same grounds. Reserving the benefit of this plea and other pleas and exceptions filed by her, she answered stating that she had the possession and custody of the child since its birth and had practically borne the entire expense of supporting, maintaining and educating her, with little or no assistance from the father; that the father had not shown any love or affection for his daughter; that he had, subsequent to the divorce, remarried and had two children by his second wife; and that their daughter preferred to remain with her and not live with her father.

The trial judge overruled all of the pleas and exceptions and after a hearing rendered judgment in favor of the father and against the mother ordering and commanding her to deliver the child unto the custody and possession of the father, primarily on the ground that the judgment of divorce in 1934 had been rendered against her for having committed adultery. She filed a motion for a suspensive appeal which was refused by the trial judge.

The mother applied to this Court for writs of certiorari, prohibition and mandamus under our supervisory jurisdiction and they were granted with a stay order.

The respondent judge in his return to this Court states that the plea of lis pendens and the exception to the jurisdiction of the court, being based upon the identical grounds, were overruled because the suspensive appeal from the judgment sustaining the exceptions of no right and no cause of action to the rule taken by the mother against the father to show cause in the divorce proceeding why that part of the judgment granting the permanent care and custody of the child to the father should not be modified, only deprived the trial court of power to execute the judgment appealed from, but in all other respects the court retained the jurisdiction as if no judgment had been rendered. He also states that the exceptions to the rule filed by the wife in the divorce proceeding were sustained because the law required her to proceed by petition and citation as in an ordinary suit and not by the summary process of a rule to show cause. The respondent father adopted the judge's return. The records in both the habeas corpus and the divorce proceedings, including the mother's rule to have that part of the judgment of divorce modified so as to grant her the permanent care, custody and control of the child, were filed here.

The record in the divorce suit shows that on October 26, 1934, judgment by default was entered in favor of the husband and against the wife, decreeing a divorce on the grounds of adultery and awarding

him the permanent care and custody of his minor daughter, sole issue of the marriage. On July 28, 1944, the mother filed a rule against the father to show cause why she should not be granted the permanent care and custody of the child, alleging the same facts and circumstances which she subsequently pleaded as a defense in the habeas corpus proceeding. The judge granted the rule nisi and made it returnable on August 4, 1944. On that day, the defendant appeared and filed exceptions of no right and no cause of action, which were maintained by the trial judge on the ground that the mother should proceed regularly by ordinary suit with petition and citation and not by rule. On August 7, 1944, she applied for and was granted a suspensive appeal from the judgment that was made returnable to this Court on September 11, 1944, when it was perfected by filing the transcript here. The father, on August 8, 1944, or after the above suspensive appeal had been granted, applied to the district court for the writ of habeas corpus, whereupon the mother appeared and filed the plea of lis pendens, certain pleas and exceptions, and an answer as above stated.

From the foregoing, it is clear that in the habeas corpus and the divorce proceedings, the identical issues and the same cause and parties are involved. The sole question in each case is whether the mother or the father should have the permanent care, custody and control of their minor daughter. In both proceedings the father is depending upon that portion of the decree in the judgment of divorce granting

him the permanent care and custody of the child and the mother is relying upon the fact that, notwithstanding this judgment has been in effect for ten years, the father has permitted her to continue in the possession and custody of the child ever since her birth, supporting, maintaining and educating her.

It is well settled that a judgment awarding the permanent care and custody of a minor child is not irrevocable but is subject to modification if the facts and circumstances of the case change so as to justify such action. Wheeler v. Wheeler, 184 La. 689, 167 So. 191; Higginbotham et al. v. Lofton et al., 183 La. 489, 164 So. 255; Tate v. Tate, 169 La. 862, 126 So. 218; and Pullen v. Pullen, 161 La. 721, 109 So. 400.

In the cases of State ex rel. Herbert v. Renaud, 157 La. 776, 103 So. 101 and In re Owen et al., 170 La. 255, 127 So. 619, it was held that where one parent attempts to obtain the custody of his minor child from the other parent by a writ of habeas corpus, it is a civil proceeding between private individuals and the State is only a nominal party.

In Cardino v. Scroggins, 190 La. 53, 181 So. 810, we sustained a plea of lis pendens and dismissed the suit, holding that where a second suit is filed involving the same parties and based upon the same cause of action, it cannot be maintained while the judgment rendered in the first suit is pending on appeal in the Court of Appeal, citing Article 94 of the Code of Practice, as amended by Act 62 of 1918.

In State ex rel. Aucoin, 174 La. 7, 139 So. 645, 647, the husband sued the wife for separation from bed and board on the ground of abandonment and asked for the temporary and permanent care and custody of their minor child, alleging that the mother was not a fit person to care for it and did not have a suitable home. The judge granted the father the temporary care and custody of the child. The mother applied to this Court for writs, which were refused on the ground that it did not appear that the district judge had abused his discretion in granting the father the custody of the child pending the determination of the controversy between the parties.

After the wife, who had possession of the child and was out of the State, had failed to comply with the reiterated summonses to return to the matrimonial domicile, judgment was rendered against her sentencing her to comply with the summonses. When the mother returned with the child to Louisiana, the father filed habeas corpus proceedings against her to obtain the possession of the child. The mother, in limine, filed exceptions of lis pendens which were overruled. With reservation of her rights, she answered, and after trial the judge maintained the writ of habeas corpus commanding her to at once release and deliver the child to its father. She appealed.

We pointed out that the trial judge had the discretion, under the circumstances, to award the custody of the child to the father pending the suit and, no showing having been made that he had abused it, we refused to interfere. Consequently, the

writ of habeas corpus was used only as a means of making the order of the trial court effective and could not be considered as a separate and distinct suit, although the same parties and issue had been involved in the separation from bed and board action. With reference to the permanent custody of the child, we said:

"But the writ of habeas corpus may not be resorted to by one of the spouses in order to obtain permanent custody of the children, issue of the marriage, during the pendency of a suit for separation or divorce, where the question as to which one is entitled to their custody is made an issue in such suit. For obvious reasons, the proper suit in which this right should be determined is the suit for separation or divorce. In such suits, the court is vested with discretion as to the disposition of the children while the suit is pending.

\* \* \* \* \*

"We think the judgment appealed from was not intended to, and as a matter of fact did not, grant to relator (the father) the permanent custody of the child. \* \* \*

"The effect of this judgment, and the only effect it can have under the circumstances, is to place the child in the temporary custody of the father. The issue as to its permanent custody should and no doubt will be determined in the suit for separation." (Brackets ours.)

In the instant case, it will be observed that the judgment awarding the permanent custody and control of the child to the father was rendered in the divorce suit and this is the judgment he relies upon

in the habeas corpus proceeding. Necessarily, the rule to amend and modify the revocable part of the judgment concerning the permanent custody of the minor must be filed in the divorce proceeding. As the same parties and the same issue are involved in the habeas corpus proceeding and the divorce suit—presenting the question whether the father or the mother is entitled to the permanent care, custody and control of the minor—which issue is now pending on a suspensive appeal in this Court in the divorce proceeding, the plea of lis pendens is well founded and should have been sustained.

For the reasons assigned, the judgment of the district court granting the writ of habeas corpus and awarding the permanent custody of the child to the father is annulled, the plea of lis pendens is maintained, and the relator's suit is dismissed at his costs.