288 So.2d 611 (1974)
Clarence Ervin BLACK, M.D.
v.
Carol MOORE, wife of Clarence Ervin BLACK, M.D.
No. 53911.
Supreme Court of Louisiana.
January 14, 1974.
Concurring Opinion January 31, 1974.
A. D. Freeman, Morphy, Freeman, Holbrook & Faulkner, New Orleans, for defendant-relator.
Sydney J. Parlongue, Philip R. Riegel, Jr., New Orleans, for plaintiff-respondent.
TATE, Justice.
We granted supervisory writs, 281 So.2d 760 (La. 1973), to review the trial court's issuance of a restraining order without bond. On the plaintiff-husband's application, the order without bond not only restrained the defendant-wife from disposing or encumbering community property, La.C. Civ.P. art. 3944, but also from harassing the plaintiff by telephone calls to his office or to his associates.
The restraining order was issued on August 16, 1973, in connection with the husband's suit for separation and divorce. After a motion by the wife to dissolve the order was dismissed, the husband himself dismissed the suit for separation. In consequence, the ancillary interlocutory restraining order was also vacated.
The issue of the proper issuance or not of the restraining order is therefore moot.
*612 Upon dissolution of a wrongfully obtained restraining order, the party restrained may recover damages and attorney's fees. La.C.Civ.P. art. 3608. In this instance, however, the wife subject to the restraining order has no cause of action against her husband for any wrongful issuance. For La.R.S. 9:291 (1960) provides that a married woman may not sue her spouse during the existence of the marriage except in certain limited instances, which do not include a cause of action in the respect noted.
Therefore, no relief can be granted the relator-wife in the instant suit. The issue before us is thus moot. This court will not ordinarily rule upon a moot issue where our decree can give no practical relief to the parties before us. State ex rel. Preston v. Henderson, 283 So.2d 230 (La. 1973).
Our ruling here is not intended to affect the liability, if any, of the husband as head and master of the community to the wife's attorney for his reasonable fee arising from the defense of an unsuccessful suit for separation or divorce brought by the husband against the wife. See summary of jurisprudence in Tanner v. Tanner, 229 La. 399, 86 So.2d 80, 82-84 (1956).
For the reasons assigned, the writ is recalled, and the relator's application for writs is dismissed as moot.
Writ recalled and application dismissed as moot.
SUMMERS, J., concurs in the decree and assigns reasons.
SUMMERS, Justice (concurring).
I see no need for this opinion to go into the question of the husband's liability, if any, as head and master of the community to the wife's attorney for fees arising from the defense of an unsuccessful suit for separation or divorce brought by the husband against the wife. This question is not before us and we should not suggest the litigation and probable outcome of questions between spouses which may best be left in repose.