339 So.2d 956 (1976)
Roma Gail STELLY, Plaintiff and Appellant,
v.
Richard Keith MONTGOMERY, Defendant and Appellee.
No. 5652.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1976.
Rehearing Denied December 15, 1976.
Writ Granted February 14, 1977.
*957 Leon S. Haas, Jr., Opelousas, for plaintiff-appellant.
C. Kenneth Deshotel, Opelousas, for defendant-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
CULPEPPER, Judge.
The plaintiff, Roma Gail Stelly, filed this suit against her husband, Richard Keith Montgomery, seeking a writ of habeas corpus ordering defendant to deliver to plaintiff custody of the two minor children born of the marriage, Richard K. Montgomery, Jr., age 5, and Michael Troy Montgomery, age 14 months. After a trial on the merits, the district judge vacated the writ and rejected plaintiff's demands for custody. Plaintiff appealed.
The decisive issue on appeal is whether the plaintiff wife may sue her husband for a writ of habeas corpus awarding her custody of the children, where the marriage still continues and there is no pending suit for separation from bed and board or divorce.
The pertinent facts are that plaintiff and defendant were married in St. Landry Parish, Louisiana on September 25, 1969. Initially they lived in Louisiana. In December of 1973 they moved to Georgia. By 1976 the two children were born of the marriage.
During the early part of 1976, plaintiff and defendant had marital difficulties because of plaintiff's alleged immoral relations with another man. On May 9, 1976, the defendant left Georgia with the oldest child and moved back to St. Landry Parish, Louisiana to the home of his parents. On June 4, 1976, defendant went back to Georgia where he allegedly found his wife was living with the man in question. Defendant took the youngest child and returned with it to Louisiana. Defendant now has physical custody of the two children and lives with his parents in Louisiana.
On June 11, 1976, the plaintiff mother filed in Louisiana the present petition for a writ of habeas corpus, seeking custody of the children. After a trial on the merits, the district judge decided that since the marriage still continues and there is no pending suit for separation or divorce, the husband and father has the right to custody of the children. Furthermore, the district judge held on the facts that it is for the best interest of the children that they remain in the father's custody. On these two grounds, the writ of habeas corpus was *958 vacated and the mother's demand for custody was rejected.
We conclude that the wife does not have a cause of action against her husband, and that plaintiff's suit must be dismissed on a peremptory exception of no cause of action. Although no such exception was filed by the defendant, this is one of the peremptory exceptions which can be noticed by the appellate court on its own motion. LSA-C.C.P. Art. 927.
The plaintiff mother relies on State ex rel. Lasserre v. Michel, et al., 105 La. 741, 30 So. 122 (1901) in which the husband and father filed a petition for a writ of habeas corpus directed to his wife for the custody of their child. The marriage was still in existence and there was no pending suit for separation or divorce. The wife argued that this was not one of the specially permitted causes of action on which one spouse could sue the other under Article 105 of the Code of Practice of 1870 and the jurisprudence construing that article. The Supreme Court held that the marital relation did not prevent the husband from suing the wife for custody of the child and remanded the case to the district court for further proceedings. Counsel have not cited, nor have we found, any other case following this holding in Lasserre.
Article 105 of the Code of Practice of 1870 read as follows:

"Married womanRight to sue husband. A married woman can not sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by her marriage contract, or for divorce; but in no case can she sue her husband without the authorization of the court before which she brings her action."
Although the Code of Practice of 1870 contained no similar prohibition of a suit by a husband against his wife during the marriage, jurisprudence suggested that Article 105 was mutually applicable to husbands and wives. See the notes, 16 Tul.L.Rev. 149, 150 (1941) and 20 Tul.L.Rev. 448 (1945). Furthermore, with the adoption of Act 283 of 1928, declaring that married women are relieved of all disabilities and incapacities to which they were previously subject, it no longer became necessary that a married woman have authorization of the court to file suit.
Despite this history of statutory and jurisprudential problems regarding interspousal suits, our legislature adopted in 1960 the following new statute numbered R.S. 9-291:
"Wife may not sue husband; exceptions
"As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
(1) A separation of property;
(2) The restitution and enjoyment of her paraphernal property;
(3) A separation from bed and board; or
(4) A divorce. Added Acts 1960, No. 31, § 2.
"Explanatory NoteHenry G. McMahon
"Added on the recommendation of the Louisiana State Law Institute to transfer thereto the provisions of Art. 105, Code of Practice of 1870. This new statute was enacted as Section 271 of this title, but was renumbered by the Louisiana State Law Institute to avoid conflict with prior legislation."
In Wilkinson v. Wilkinson, La., 323 So.2d 120 (1975) our Supreme Court held that LSA-R.S. 9:291 limits to four the causes of action that a married woman can bring against her husband during the marriage. The court stated:
"The four enumerated in the statute are exclusive, not illustrative. Palmer v. Edwards, 156 So. 781 (La.App.1st Cir. 1934). Thus, during the marriage, Mrs. Wilkinson could not have brought an action against her husband to annul the contract."
The plaintiff wife makes an additional argument that since this is a petition for a writ of habeas corpus the State is actually *959 the plaintiff and therefore the suit is not prohibited by LSA-R.S. 9:291. This argument is apparently derived from certain language in State ex rel. Lasserre v. Michel, supra. The court there stated:
"When the writ issues, the wife is called into court in the name of and by the state itself, though this be done on the relation of a husband. It is true that the ultimate action of the court upon the writ may be an aid in enforcement of private rights, of the rights of the husband or of the wife in the premises,but the result is incidental and consequential."
The answer to this argument is that at the time Lasserre was decided in 1901, applications for writs of habeas corpus were brought in the name of the state. However, Article 3781 of our Code of Civil Procedure now expressly provides:
"A writ of habeas corpus, mandamus, or quo warranto may be ordered by the court only on petition. The proceedings may be tried summarily and the writ when ordered may be signed by the clerk under the seal of the court, or it may be issued and signed by the judge without further formality."
Furthermore, jurisprudence from our Supreme Court subsequent to Lasserre has established the rule that where one parent attempts to obtain the custody of minor children from the other parent by a writ of habeas corpus, it is a civil proceeding between private individuals and the state is only a nominal party. State ex rel. Divens v. Johnson, 207 La. 23, 20 So.2d 412 (1944) and the cases cited therein.
Plaintiff also argues we should follow the rationale of the Lasserre case, where the court stated:
"We do not think that either husband or wife should be driven to the necessity of instituting an action of separation from bed and board or divorce, to have the matter of the legal custody of the children judicially inquired into."
When our legislature adopted LSA-R.S. 9:291 in 1960, it chose not to follow the above quoted rationale from Lasserre. Perhaps the legislature reasoned that permitting interspousal suits for custody during marriage, where there is no pending suit for separation or divorce, could cause many problems as to child support, administration of the child's estate, liability for the child's torts, etc. Apparently the legislature decided that all of these matters should be handled as incidental to separation or divorce proceedings. In any event, LSA-R.S. 9:291 is clear and free of ambiguity. Any change in the law as to interspousal suits is a matter which addresses itself to the discretion of the legislature.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.
GUIDRY, Judge (dissenting).
My esteemed brethren of the majority, in affirming the judgment of the trial court, determine that a wife physically separated from her husband, where no suit for separation or divorce has been instituted, cannot seek possession of her children from her husband under the sanction of judicial proceedings. Stated another way, the majority determines that a wife may not sue her husband for a writ of habeas corpus seeking custody of the children born of the marriage, except as an adjunct to a pending suit for separation from bed and board or divorce. In so concluding the majority fails to recognize the viability of a decision of the highest court of our state to the contrary and determines that, since the right of a wife to seek custody of her children during marriage is not one of the exceptions to interspousal suits recognized by LSA-R.S. 9:291, her petition for same states no cause of action.
In the early case of State ex rel. Lasserre v. Michel et ah, 105 La. 741, 30 So. 122 (1901) this very issue was squarely presented to our Supreme Court. In the cited case the court determined that the custody of children, as between contesting parents not *960 legally separated or divorced, could be considered and determined on an application for a writ of habeas corpus. In so deciding the court sagely reasoned as follows:
"We do not think that either husband or wife should be driven to the necessity of instituting an action of separation from bed and board or divorce, to have the matter of legal custody of the children judicially inquired into. Actions of separation or divorce should not be forced; nor do we think that where husband and wife are, as a matter of fact living apart, the spouse out of the possession of the children of the marriage and claiming the legal right to have such possession should be driven to force or to fraud to obtain the same. Such a course of conduct would tend directly to breaches of the peace and violence. It is right, proper, and legal for the party entitled to possession of the child to obtain the same under the sanction of judicial proceedings."
The majority, in declining to follow the clear holding of Lasserre v. Michel, supra, concludes that the holding of that case is no longer viable because when decided in 1901, applications for writs of habeas corpus were brought in the name of the state (Art. 791 of the Code of Practice of 1870) and this is no longer necessary under the Louisiana Code of Civil Procedure enacted by Act No. 15 of 1960. The majority thus reasons that since this is a proceeding solely between husband and wife and not within the exceptions provided for in LSA-R.S. 9:291 the wife's petition for a writ of habeas corpus states no cause of action. I cannot agree. Long prior to the adoption of the 1960 Code of Practice and at the time of the Lasserre decision it was well established that a suit, such as this, need not be instituted in the name of the state. State ex rel. Dardenne v. Cole, 33 La.Ann. 1356 (1881); Davenport v. Sterling Lumber Co., 143 La. 671, 79 So. 215 (1918); State ex rel. Divens v. Johnson, 207 La. 23, 20 So.2d 412 (1944). There is no real substantive difference between LSA-C.C.P. Article 3781 et seq. and the source articles of the Code of Practice of 1870 or between LSA-R.S. 9:291 and its source, Article 105 of the Code of Practice. The court in Lasserre, supra, in addressing itself to this very point, i.e., that such a proceeding between husband and wife was prohibited under Article 105 of the Code of Practice, stated:
". . . The parents, in issues of this kind, are not simply urging their own legal rights, but are acting for and on behalf of the child; and in respect to this matter the state itself, as stated in the Bermudez Case, has an interest which goes beyond the mere right and authority of either the father or mother. . . . . . We scarcely think that a writ of habeas corpus, directed to a woman, touching the custody of a minor child, can be called a suit by the husband against the wife. . . .'
The decision in State ex rel. Lasserre v. Michel et al, clearly supports the conclusion that the trial court was vested with jurisdiction to hear and decide the question of custody in this case. I would follow the clear holding of that case.
The majority, having determined that the mother's petition for custody stated no cause of action, did not consider the issue presented on its merits. The trial court did consider the matter on its merits and ordered the writ of habeas corpus vacated and recalled, which action, in effect, awards custody of the children to the father. I would reverse.
In so deciding the trial judge reasoned that in matters of custody, where the natural parents, although physically separated, are neither legally separated or divorced, the father, as traditional head of the family, has a preferential right to the custody of the children born of the marriage; that such custody cannot be taken from him absent proof that his parental authority over the children has been abused or misused; and, that, in such instances, the contesting wife bears the burden of establishing his unfitness. In short, the trial court held that the well established guide lines governing awards of custody in separation and divorce matters, i.e., (1) the paramount consideration in determining to whom custody should be granted is always the welfare *961 of the children; and, (2) generally, it is in the best interest of the children that their custody be awarded to the mother, especially where such children are of tender years; are not applicable while the marriage of the parents is intact, although they be physically separated. In this connection I quote from the learned trial judge's reasons for judgment:
"Now, the problem we are faced with herewith is that these people were married and lived together in Louisiana, both being from Louisiana; they moved to Georgia; the marriage was broken up in Georgia; the husband came back to Louisiana with the children. The question now arises as to what disposition to make of these children. The court points out that if this were a divorce or a separation proceeding, there would be strong authority placing these children in the hands of the mother.. . ."
". . . . On one side we have the inner play of the law which emanates from divorce and separation proceedings, which gives normally the custody of small children,. . . to the mother. On the other hand, we have the problem of parental control . . ."
". . . In this situation that we have at hand, we have a challenge to this authority (parental authority) without the break-up of the marriage. This Court is of the opinion that where such a challenge comes, not as a concomitant of alimony or divorce, but comes as a challenge to the husband's authority as head and master of the community, that the burden must necessarily be on the wife." (Emphasis mine)
I would determine that in concluding as he did the learned trial judge fell into error. There is no sound or cogent reason which would dictate that in matters of custody, where children of tender years are involved, the rules governing the award of custody should differ depending upon the legal status of the contesting parents. Such determination is clearly contrary to the sage reasoning announced in the early case of State ex rel Lasserre v. Michel et al., supra, that neither husband or wife should be driven to the necessity of instituting an action of separation from bed and board or divorce in order to have the matter of legal custody of the children judicially inquired into. Such determination also clearly violates the cardinal rule predominant in all custody matters that the paramount consideration is always the welfare of the children. I would conclude that in the instant matter the trial court should have considered the issue presented in light of the well established jurisprudential guidelines which are applicable in all matters involving child custody and failing to do so he committed error.
In deciding the issue presented on its merits, I would do so in light of the clear and understandable guidelines as set forth by our Supreme Court in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). In the recent case of Bourque v. Leger, 322 So.2d 784, 786 (La.App.3rd Cir. 1975, writ refused February 6, 1976) we briefly summarized the legal principles announced in Fulco to be as follows:
"As stated in Fulco the following legal principles are applicable in determining the award of custody of children: (1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children; (2) generally, it is in the best interest of the children that their custody be awarded to the mother; (3) when the trial court has made a considered decree of permanent custody, the party seeking to change that custody bears a heavy burden of proving that the best interest and welfare of the children will be served by making that change, even though it involves removing them from the environment to which they are accustomed; and (4) on appellate review, the determination made by the trial judge in a child custody matter is entitled to great weight, and his decision as to custody will not be disturbed in the absence of a clear showing of abuse of the great discretion which is vested in him."
The record reflects that the children involved are of tender years, one being five *962 years old and the other fourteen months. All of the witnesses who testified, including the defendant husband, and his parents, acknowledged that plaintiff had a great love for her children and that if they were committed to her care they would be well provided and cared for. The trial judge in his written reasons so found stating:
"The court further finds as a fact, whether the children are given to the mother, or whether the children are given to the father, they will be physically well cared for as they have been in the past.
The court further finds as a fact that all of these people, including the grandparents on both sides, have a great love for these children."
It is true that the trial court determined from the evidence that the plaintiff has been guilty of certain indiscretions with Mr. Ramie, however, it is quite clear from his written reasons that he did not consider that the evidence in this regard established that Mrs. Montgomery was morally unfit or that because of such indiscretions she could not provide a good and moral home for the children. In this connection the trial judge stated:
"The wife maintains that she has been guilty of no impropriety. The Court feels and finds to the contrary. However, that is not a definitive issue in custody, because the Supreme Court, as I have previously pointed out, has gone to great lengths where women have acted immorally, to give them the custody of small children."
Although, I agree, that the record supports a finding that plaintiff's relationship with Mr. Ramie, is clearly suggestive of improprietous and/or immoral conduct, I would not find that the evidence supports a clear and absolute determination that plaintiff engaged in adulterous conduct or that her conduct has had or is having an adverse effect upon the moral welfare of her children. In any event, the mere finding of an adulterous relationship by the trial court, without any evidence as to the circumstances thereof, does not as a matter of law, forfeit the mother's right to custody. The jurisprudence is clear that a mother is fit to have custody of her children despite a finding of her engagement in an illicit relationship. Hudson v. Hudson, 295 So.2d 92 (La. App.2nd Cir. 1974), writs refused, 295 So.2d 446; Jones v. Timber, 247 So.2d 207 (La. App.1st Cir. 1971); Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960).
Considering the tender age of the children and the trial court's finding which determined the plaintiff to be a mother who had great love for her children and would provide well for them, I would conclude that the trial court committed patent error and abused the great discretion with which it is vested in awarding the custody of the children to the defendant father.
For the above and foregoing reasons I respectfully dissent.