347 So.2d 1145 (1977)
Roma Gail STELLY, Plaintiff-Appellee-Relator,
v.
Richard Keith MONTGOMERY, Defendant-Appellant-Respondent.
No. 59162.
Supreme Court of Louisiana.
July 1, 1977.
*1146 Leon S. Haas, Jr., Opelousas, for plaintiff-appellee-relator.
C. Kenneth Deshotel, Opelousas, for defendant-appellant-respondent.
TATE, Justice.
We granted certiorari, La., 341 So.2d 1131, to review the ruling of the court of appeal, 339 So.2d 956 (3d Cir. 1977), that the plaintiff mother could maintain no cause of action against her husband to obtain the custody of the children of the marriage.
As stated by the court of appeal, the decisive issue is "whether the plaintiff wife may sue her husband for a writ of habeas corpus awarding her custody of the children, where the marriage still continues and there is no pending suit for separation from bed and board or divorce."
Facts
The plaintiff wife instituted this habeas corpus proceeding, La.C.Civ.P. arts. 3821-31, to recover the custody of the two children *1147 of the marriage, respectively aged 5 years and 14 months. In 1969, the parties were married in St. Landry Parish, Louisiana, and lived in Louisiana until 1973. They then moved to Georgia and lived there as man and wife for three years.
In mid-1976, due to marital conflicts, the husband left and returned to Louisiana.
At the time he left, the husband took the 5-year-old child, allegedly for a visit. Shortly afterwards, he went back to Georgia with his parents and took the 14-month-old baby back to his parents' home in Louisiana. A week later, the wife filed this habeas corpus suit to obtain custody of the children.
After hearing, the trial court concluded that both parents could provide the children with a good and loving home. The trial court further found that the wife was a good mother and correctly indicated that, if this were a suit for separation and divorce, the mother was entitled to custody of the children, under the principle that the best interest of children of tender years is ordinarily better served by leaving them with their mother. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
Nevertheless, since no suit for separation or divorce was pending, the trial court felt that the paternal authority over the children, Civil Code Article 216, should be recognized as conferring the primary right to custody in him, absent some showing of abuse of that authority.
The court of appeal did not reach this merit issue. Overruling the district court on a procedural issue, a majority held that, during the marriage, the wife cannot sue her husband, even for custody of the children of the marriage. It based this holding upon La. R.S. 9:291 (1960),[1] providing for interspousal immunity from suits during marriage.[2] It therefore affirmed, on this different ground, the dismissal of the mother's habeas corpus proceeding to obtain the custody of her children.

(1)
The majority of the court of appeal was in error. In State ex rel. Lasserre v. Michel, 105 La. 741, 30 So. 122 (1901), this court resolved the apparent conflict between paramount parental custody rights, to be effectuated by the writ of habeas corpus, and the statutory prohibition against interspousal suits, now La. R.S. 9:291.
We there held: Even though no suit for separation or divorce has been filed, when the parents are actually living separate and apart, the statutory interspousal immunity from suit does not bar, and was not intended to bar, the courts from hearing a habeas corpus proceeding instituted by one parent against the other. We reasoned: The habeas corpus suit is actually instituted in the interest of the children, although done so by a parent, to effectuate the state's interest in the welfare of these children.[3]
*1148 We further observed, as underlying reasons of policy for this interpretation, 105 La. 747, 30 So. 125:
"We do not think that either husband or wife should be driven to the necessity of instituting an action of separation from bed and board or divorce, to have the matter of the legal custody of the children judicially inquired into. Actions of separation or divorce should not be forced; nor do we think that where husband and wife are, as a matter of fact, living apart, the spouse out of the possession of the children of the marriage, and claiming the legal right to have such possession, should be driven to force or to fraud to obtain the same. Such a course of conduct would tend directly to breaches of the peace and to violence. It is right, proper, and legal for the party entitled to the possession of the child to obtain the same under the sanction of judicial proceedings. It would be stretching the terms of article 105 [now La. R.S. 9:291] of the Code of Practice for no good purpose, and with no good results, to hold otherwise. That article does not refer to proceedings of that character."
Until the present suit, this long-settled interpretation of the interspousal immunity statute has not been questioned. No substantial reason is shown why this interpretation was intended to be changed by the re-enactment of provisions of the 1870 Code of Practice into similar provisions of the 1960 Code of Civil Procedure.
As correctly stated in the dissenting opinion of the court of appeal, 339 So.2d 959, 960:
"The majority, in declining to follow the clear holding of Lasserre v. Michel, supra, concludes that the holding of that case is no longer viable because when decided in 1901, applications for writs of habeas corpus were brought in the name of the state (Art. 719 of the Code of Practice of 1870) and this is no longer necessary under the Louisiana Code of Civil Procedure enacted by Act No. 15 of 1960. The majority thus reasons that since this is a proceeding solely between husband and wife and not within the exceptions provided for in LSA-R.S. 9:291 the wife's petition for a writ of habeas corpus states no cause of action. I cannot agree. Long prior to the adoption of the 1960 Code of Practice and at the time of the Lasserre decision it was well established that a suit, such as this, need not be instituted in the name of the state. State ex rel. Dardenne v. Cole, 33 La.Ann. 1356 (1881); Davenport v. Sterling Lumber Co., 143 La. 671, 79 So. 215 (1918); State ex rel. Divens v. Johnson, 207 La. 23, 20 So.2d 412 (1944). There is no real substantive difference between LSA-C.C.P. Article 3781 et seq. and the source articles of the Code of Practice of 1870 or between LSA-R.S. 9:291 and its source, Article 105 of the Code of Practice."
In non-habeas situations, this court has observed that the four exceptional instances listed by La. R.S. 9:321, which permit interspousal suits, are exclusive, not illustrative. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975); Black v. Black, 288 So.2d 611 (La. 1974). In the cited decisions, however, no issue concerned the non-applicability of interspousal immunity to habeas corpus suits, brought by a parent in the interest of the children and of the state. We did not intend to overrule or affect the long-settled interpretation, State ex rel. Lassere v. Michel, 105 La. 741, 30 So. 122 (1901), of the statute's inapplicability to habeas suits under the present factual situation.
The court of appeal was therefore in error in dismissing this suit and in holding that the plaintiff wife is barred from instituting this habeas corpus proceeding to obtain the custody of her children.

(2)
With regard to the merits, the evidence reflects that, had the custody issue arisen in a suit for separation, the best welfare of the children is served by leaving them in their mother's custody. See Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). The district court conceded this; but felt *1149 that, since no suit for separation had been filed, the paternal authority of the father should be recognized, Civil Code Article 216,[4] absent some showing of abuse of this authority.
The trial court's reasons are scholarly and persuasive. Nevertheless, we believe it fell into error. We agree with the dissenting views expressed in the court of appeal, 339 So.2d 961:
"There is no sound or cogent reason which would dictate that in matters of custody, where children of tender years are involved, the rules governing the award of custody should differ depending upon the legal status of the contesting parents. Such determination is clearly contrary to the sage reasoning announced in the early case of State ex rel. Lasserre v. Michel etal., supra, that neither husband or wife should be driven to the necessity of instituting an action of separation from bed and board or divorce in order to have the matter of legal custody of the children judicially inquired into. Such determination also clearly violates the cardinal rule predominant in all custody matters that the paramount consideration is always the welfare of the children."
With regard to the present case, for instance, the welfare of these very young children is best served by continuing their custody in their mother, under jurisprudential guidelines consistently followed.
To require that, in order to obtain their custody, their mother must nevertheless file a suit for judicial separation is legally needless. State ex rel. Lasserre v. Michel, cited above. Further, in some cases, such a technical rule (founded on no sound functional reason) might bar a good mother from obtaining custody of her children, in their best interest, just because she is a poor wife.[5] Our jurisprudence has long recognized that a good mother should not be deprived of the custody of her children, if in their interest, simply because she has been at fault in marital difficulties which cause the parents to separate.
For the reasons stated, therefore, we conclude that the plaintiff mother is entitled to custody of the two young children of the marriage.

Decree
Accordingly, we reverse the dismissal of the plaintiff's suit. It is ordered, adjudged, and decreed that the plaintiff be granted the care, custody and control of the two minor children of the marriage upon finality of this decree; however, the case is remanded to the district court for it to fix visitation rights, if requested by the defendant husband, and for such other ancillary relief as the parties may be entitled to. All costs of these proceedings are taxed against the defendant.
REVERSED, CUSTODY AWARDED TO THE PLAINTIFF MOTHER, AND REMANDED FOR DETERMINATION OF VISITATION RIGHTS.
SANDERS, C. J., dissents with written reasons.
*1150 SUMMERS, J., dissents for the reasons assigned by the Chief Justice, and for additional reasons to be assigned.
MARCUS, J., dissents.
SANDERS, Chief Justice (dissenting).
As the majority correctly notes, the issue here is whether during marriage a wife may sue her husband by habeas corpus petition for custody of their children when there is no pending suit for separation or divorce. The Court of Appeal held that she could not. On the authority of the explicit statute cited by the Court of Appeal, I would affirm.
In dismissing the suit, the Court of Appeal relied upon LSA-R.S. 9:291. That statute provides:
"As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
(1) A separation of property;
(2) The restitution and enjoyment of her paraphernal property;
(3) A separation from bed and board; or
(4) A divorce."
The statute reflects the strong public policy against suits between husband and wife. If they are living together, the policy prevents the disruption of domestic tranquility. If they are separated, though not judicially, the policy encourages reconciliation. The legislative purpose is to promote family stability.
In Smith v. Southern Farm Bureau Casualty Ins. Co., 247 La. 695, 174 So.2d 122 (1965), we stated:
"The husband enjoys immunity from suit by the wife, except in certain instances not pertinent to the issue before us. LSA-R.S. 9:291. This immunity exists, commendably, to maintain domestic tranquility and promote the stability of the family unit."
From the terms of the statute, it is apparent that the four exceptional instances in which interspousal suits are allowed are exclusive. The decisions have so held. Wilkinson v. Wilkinson, La., 323 So.2d 120 (1975); Black v. Black, La., 288 So.2d 611 (1974); Palmer v. Edwards, La.App., 156 So. 781 (1st Cir. 1934).
The present suit by the wife for the custody of the children does not fall within any of the four exceptions. Hence, under the terms of the statute, the suit is barred. As the Court of Appeal noted, the statute is explicit, and any expansion of the allowable suits addresses itself to the legislative branch.
The majority, however, relies upon the early decision of this Court in State ex rel. Lasserre v. Michel, 105 La. 741, 30 So. 122 (1901). In that case, the husband evoked a writ of habeas corpus to secure custody of children from his wife. Applying Article 791[1] of the former Louisiana Code of Practice (1870), this Court held that the proceeding was essentially an inquiry by the State, itself, and that it should be maintained despite recognition that the husband was without right to sue his wife. In 1960, the Louisiana Code of Civil Procedure eliminated the provision that a writ of habeas corpus issue in the name of the State. See LSA-C.C.P. Arts. 3781, 3821. Hence, because of the abandonment of the State-party concept, the decision is no longer authoritative.
The majority apparently adopts the view that there is "no real . . . difference" between Article 791 of the Louisiana Code of Practice (1870) and Articles 3781 et seq. of the Louisiana Code of Civil Procedure (1960). In my opinion, this view is erroneous. The change made is not that refuted in the majority opinion, that the suit no longer need be brought in the name of the State. No such requirement has been in our law for many years. Rather, the change made is that the writ of habeas *1151 corpus does not issue in the name of the State. See LSA-C.C.P. Form 1903, N. 3. Thus, any basis for suggesting that a habeas corpus suit is a state inquiry has been eliminated. In any event, however, the decision in State v. Michel, supra, must yield to the statute barring interspousal suits.
A writ of habeas corpus issues only on petition. LSA-C.C.P. Art. 3781. It is an adversary proceeding, requiring a written answer. LSA-C.C.P. Art. 3783. In my opinion, the Court of Appeal correctly classified the litigation as a suit. Cf. LSA-C.C.P. Art. 421. Since the husband and wife are the only parties, it is a suit by the wife against her husband within the meaning of LSA-R.S. 9:291.
In my opinion, the wife has no right of action against her husband. LSA-C.C.P. Art. 927; Smith v. Southern Farm Bureau Casualty Ins. Co., supra; Dumas v. United States Fidelity and Guaranty Co., 241 La. 1096, 134 So.2d 45 (1961); 26 La.L.Rev. 415, fn. 7. I would dismiss the suit because of the absence of a right of action.
Although I do not reach the merits, the issue there may well be whether the father or the mother has the prevailing authority to determine the residence of the children. The evidence reflects that the father wants the children to reside in Louisiana. On the other hand, the mother wants them to reside in Georgia. The majority does not adequately treat this issue, rushing quickly to a determination of custody, as in a divorce action. In fact, Article 216 of the Louisiana Civil Code, dealing with parental authority, is relegated to a footnote.
For the reasons assigned, I respectfully dissent.
NOTES
[1] La. R.S. 9:291 provides:

"As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
(1) A separation of property;
(2) The restitution and enjoyment of her paraphernal property;
(3) A separation from bed and board; or
(4) A divorce.
This 1960 enactment accomplished the transfer to the revised statutes of substantively identical provisions of Article 105 of the Louisiana Code of Practice (1870), in connection with the repeal of that code and its replacement by the enactment of the Louisiana Code of Civil Procedure of 1960.
[2] In terms, the statute prohibits suits only by a wife against a husband, not suits by him against his wife. However, the courts have effectuated the public policy reflected by the statute so as to apply by analogy corresponding restraints to a husband's suit against the wife. See Dumas v. United States Fidelity & Guaranty Company, 241 La. 1096, 134 So.2d 45 (1961); Harvey v. Engler, 184 La. 858, 168 So. 81 (1936); Hawthorne v. Clark, 39 La.Ann. 678, 2 So. 561 (1887); Reich v. Reich, La.App., 23 So.2d 566 (Orl.1945).
[3] See 105 La. 746-47, 30 So. 125:

"The parents, in issues of this kind, are not simply urging their own legal rights, but are acting for and on behalf of the child * * *. It is true that the ultimate action of the court upon the writ may be in aid and in enforcement of private rights, of the rights of the husband or of the wife in the premises, but the result is incidental and consequential. The writ of habeas corpus is essentially a writ of inquiry, and upon matters in which the state itself is concerned, in aid of right and liberty. * * *"
[4] Civil Code Article 216 provides:

"A child remains under the authority of his father and mother until his majority or emancipation.
"In case of difference between the parents, the authority of the father prevails."
[5] The present record was of evidence limited solely to the issue of custody. Assuming for the moment that it also represents the evidence to be produced in a suit for separation, it shows that the husband is free from fault, so therefore the wife cannot sue him for separation. On the other hand, if only because the wife has refused to accept her husband's marital authority to choose the domicile, Civil Code Article 120, the wife is at fault in refusing to give up her employment and to follow her husband back to Louisiana on his latest shift of occupation.

The wife herself has no grounds for a judicial separation. If the husband does not desire to sue for separation, the husband could effectively prevent the custody of the children being given to the mother (on the trial court's theory of paternal authority), even though the mother's custody is in the best interest of the children.
The contrary interpretation we reach, thus, avoids any issue of unconstitutional discrimination against the wife if we had recognized the husband-father's automatic supremacy over the wife-mother in custody matters solely because of his unilateral exercise of marital and paternal supremacy.
[1] Article 791 of the Louisiana Code of Practice (1870) provided in pertinent part:

"The habeas corpus is an order in writing, issued in the name of the State by a judge of competent jurisdiction . . ." (Emphasis supplied.)