363 So.2d 954 (1978)
Russell Wayne COURVILLE, Plaintiff-Appellant,
v.
Cynthia Greer COURVILLE, Defendant-Appellee.
No. 6649.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Writ refused December 1, 1978.
*955 Guillory, McGee & Mayeux, A. Frank McGee, Eunice, for plaintiff-appellant.
Pucheu & Pucheu, Jacque B. Pucheu, Sr., Eunice, for defendant-appellee.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
In Suit No. 6649, Russell Courville instituted suit against his wife, Cynthia Courville, seeking a separation from bed and board based on alleged acts of cruel treatment. In Suit No. 6650, Cynthia Courville instituted suit against Courville seeking a separation based upon cruel treatment or, in the alternative, abandonment. These suits were consolidated for trial purposes, and are consolidated on appeal. A separate decision in Suit # 6650, 363 So.2d 958 is being rendered this date.
Judgment was rendered denying separation to both parties, awarding Mrs. Courville the custody of the two minor children of the marriage, condemning Mr. Courville to pay child support and granting him visitation privileges with his minor children. *956 Mr. Courville has perfected this devolutive appeal from said judgment, and Mrs. Courville has answered his appeal seeking a separation based upon cruel treatment or abandonment.
The issues presented on this appeal are:
(1) whether Mr. Courville is guilty of abandonment or cruel treatment of a sufficient nature to warrant a separation from bed and board in favor of Mrs. Courville;
(2) whether Mrs. Courville is legally excused from fault because her actions were involuntarily induced by a pre-existing mental condition;
(3) whether the trial court had authority to award Mrs. Courville the custody of the two minor children, condemning Mr. Courville to pay child support and set visitation privileges after denying both parties' demands for separation.
Mr. and Mrs. Courville physically separated on September 26, 1976, and they have lived separate and apart without reconciliation since that time. At the time of the separation and for some time prior thereto, Mrs. Courville suffered from mental illness which has been diagnosed as schizophrenia, schizo-affective type. On the day that the parties separated, they physically struggled with one another; immediately after this, Mr. Courville moved out of the marital domicile. In its finding of fact, the trial court did not find Mr. Courville guilty of any cruel treatment towards his wife, holding that he had only struggled to protect himself; additionally, it found that he could not be guilty of abandonment as Mrs. Courville's actions toward him were sufficient cause for him to leave the home. We affirm the judgment of the trial court on that issue.
The trial court found that the wife's actions toward her husband were sufficient to constitute cruel treatment. However, the trial court also held:
"Because of her mental condition at the time of the separation, I find that Mrs. Courville cannot be found at fault in causing the separation, as her condition is considered excused under our law to the extent that it was involuntarily induced by such mental condition."
Our research shows only two Louisiana cases which touch on this issue. In Gilbert v. Hutchinson, 135 So.2d 283 (La.App. 3 Cir. 1961), the wife sued for separation on grounds of cruelty. The husband filed a reconventional demand for separation also based on cruelty. This Court, in an opinion by Judge (now Justice) Tate, reversed the trial court's holding that a separation should be denied under the doctrine of comparative rectitude[1], that the degree of guilt was comparatively equal, stating:
"Not called to the attention of our learned trial brother is the general rule that cruelties or indignities committed by one spouse are not cause for a divorce or separation when such conduct is due to a physical or mental condition, since the misconduct is considered excused to the extent that it was involuntarily induced by such mental or physical condition." (Citations omitted.)
This Court thus held that the degrees of fault were not equal between the parties and that the wife should be granted a separation as her actions had been at least partially caused by her existing mental condition.
The case of Pearce v. Pearce, 344 So.2d 75 (La.App. 4 Cir. 1977) discussed whether the wife's responsibility for her misbehavior would be diminished by the illness of alcoholism and possible menopause in regards to fault:
". . . Although the lay evidence here does not suffice to establish it, we suppose it possible that a wife's individual condition of alcoholism, especially if aggravated by other circumstances such as menopause, could so greatly diminish her responsibility that she should be deemed without fault for purposes of post-divorce alimony under C.C. 160 (as well as for purposes of C.C. 138(3), although *957 that question is not here involved)."
The court remanded the case to the trial court for further evidence of such condition. The Louisiana Supreme Court granted writs at 348 So.2d 75 and did not consider this discussion by the court of appeals, holding instead that the trial court's ruling on the wife's freedom from fault was not manifestly erroneous and disposed of the case on this ground.
Factual evidence adduced at trial showed that Mrs. Courville had been ill for some time. Her condition caused her periods of depression and made her aggressive to the extent that it was difficult for her to get along with others. This conclusion is supported by both professional and lay testimony. Shortly after the departure of her husband, Mrs. Courville was committed to Central Louisiana State Hospital at Pineville, where she received care for several months. After her discharge, she continued treatment as an out-patient at both Central Louisiana State Hospital and at the Crowley Mental Health Center. The trial court found that her actions toward her husband were a result of this mental condition. This Court agrees with this factual conclusion. Following the reasoning of Gilbert v. Hutchinson, supra, this Court holds that the trial court was correct in its legal holding that the actions of Mrs. Courville which would have constituted cruelty otherwise are in fact excused by her mental condition. Thus, finding both parties legally free from fault, we affirm the trial court's denial of separation to either party.
The third issue before the Court is the custody of the two minor children of the marriage. In its judgment, the trial court gave custody of the two children to the wife, after finding that her mental condition had stabilized following treatment, and ordered Mr. Courville to pay $225.00 per month child support. On appeal, Mr. Courville urges that the trial court was incorrect in giving custody to the wife after its denial of a separation to either party. In State ex rel. Lasserre v. Michel, 105 La. 741, 30 So. 122 (1901), the Louisiana Supreme Court stated the public policy of the State to be
". . . against the maintenance of any civil suit between husband and wife, no matter what the cause of action, or how serious the complaint, when not within one of the exceptions of article 105, Code of Practice [now La. R.S. 9:291]. . ."[2]
However, in addition to the four statutory exceptions to the prohibition against inter-spousal suits, Lasserre also held that either spouse could sue for a writ of habeas corpus against the other, during the existence of the marriage, in order to get a child back from the other. Lasserre was specifically upheld by the Supreme Court in Stelly v. Montgomery, 347 So.2d 1145 (1977).
As both suits for separation were properly dismissed by the trial court, the question of custody should have been dismissed also for the district court was not competent to pass on the question outside of the separation suit.
"The original custody of a child who has not been adjudicated neglected or delinquent can be determined only in a civil proceeding between parents when both are living, in connection with an attack upon the marital contract or after dissolution of that contract". Griffith v. Roy, 263 La. 712, 269 So.2d 217, at 221 (1972).
Thus, as in Stelly v. Montgomery, supra, the proper method to adjudicate custody of the children between the two parents still legally married would be for that parent without physical possession to file for a writ of habeas corpus to get the children back from the physical custody of the other. Accordingly, this Court affirms the trial court's denial of a separation to either party, and *958 reverses the decision of the trial court granting custody of the children after dismissal of the main demand.
In accordance with the above, the judgment of the trial court which had awarded custody of the two minor children, Russell Wayne Courville, Jr. and Randall Scott Courville, to Cynthia Dean Courville and awarded child support in the amount of $225.00 per month, is reversed and vacated; in all other respects, the judgment of the trial court is affirmed.
Court costs in the trial court and in this Court are assessed against the community of acquets and gains existing between the parties.
AFFIRMED IN PART AND REVERSED IN PART.
WATSON, J., concurs in the result, but would prefer to remand for consideration of a separation on the basis of living separate and apart.
NOTES
[1] Compare Thomason v. Thomason, 355 So.2d 908 (La.1978) for the latest La. Supreme Court expression on the doctrine of recrimination and comparative rectitude.
[2] § 291. Wife may not sue husband; exceptions

As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
(1) A separation of property;
(2) The restitution and enjoyment of her paraphernal property;
(3) A separation from bed and board; or
(4) A divorce. Added Acts 1960, No. 31, §2.