HALL, Judge.
Plaintiff filed suit seeking custody of his five-year-old son. The trial court rejected his demands, leaving the child in the custody of the mother. Plaintiff appeals and we affirm.
Mr. and Mrs. Lingenfelter were separated in 1977 and she was awarded pendente lite custody and child support. In February 1979 a final divorce was granted and although the judgment was silent as to custody, Mrs. Lingenfelter was granted $150 per month child support. The child has lived with the mother in New Orleans since the couple’s separation except during Mr. Lin-genfelter’s exercise of visitation privileges.
In June 1979 the child came to Shreveport for a two-month summer visitation with his father. At the end of this visit Mr. Lingenfelter refused to return the child to his mother and filed this suit seeking custody. In response, Mrs. Lingenfelter filed suit to regain physical custody of the child and to have the divorce judgment amended to expressly grant her permanent custody.
The trial court found it would be in the best interest of the child for him to remain in the custody of his mother and the judgment of divorce was amended accordingly. Mr. Lingenfelter appeals contending the court erred in the following respects by refusing to grant him custody: (1) failing to find that he could provide a better environment for the child; (2) failing to find Mrs. Lingenfelter morally unfit; and (3) applying the “maternal preference” and “double burden” rules.
Mr. Lingenfelter has remarried and resides in the home his family occupied before the separation. He is employed in his own business and is apparently well able to provide the child a good home.
Mrs. Lingenfelter is single and she and her son reside in an apartment in New Orleans. Although she has moved four times while in the New Orleans area and changed her employment, her parents assist her in caring for the child and she is presently providing him a good home environment.
In resolving this issue in favor of Mrs. Lingenfelter, the trial court stated:
“Obviously, the Court favors a home environment which consists of both a mother and a father over one in which a child is living with a single parent in an apartment. However, this is not the only consideration the Court must weigh. The minor child has lived with his mother since birth and there is no evidence before the Court that this environment has been detrimental to the child. On the other hand, to place the child with the *525 father would be to place the child in a new environment, which in the instant case involves a new marriage.”
We find no error in this conclusion.
Regarding Mrs. Lingenfelter’s fitness, she admitted having an affair with her former employer during the latter months of 1978. However, the trial court found that since she had terminated the affair and there was no evidence that any immoral acts occurred in the presence of the child, these actions did not render her morally unfit. We agree.
The trial court’s written opinion clearly demonstrates it carefully weighed all the factors involved in determining what it considered to be the best interest of the child. Although some of these factors may have at one time been the basis for the “maternal preference” or the “double burden” rule, which rules were not mentioned or applied by the trial court, consideration of those factors by the court is still necessary in order to fully evaluate what is best for the child.
For the foregoing reasons, the judgment is affirmed at appellant’s costs.
Affirmed.