PRICE, Judge.
Appellant, Jimmie David Morrison, seeks reversal of a trial court judgment granting his wife, Sharon Freeman Morrison, a separation from bed and board based on appellant’s cruel treatment. Appellant contends that the trial court erred by failing to find the parties mutually at fault and awarding Mrs. Morrison custody of the two children of the marriage. We affirm.
Appellant and Mrs. Morrison sued each other for separation based on cruel treatment. The two cases were consolidated for purposes of trial. Appellant’s allegations of mental cruelty are based on certain apparently unfounded accusations made by Mrs. Morrison which were induced by her mental illness. Mrs. Morrison’s allegations of cruelty are primarily based on an episode occurring May 8, 1980, in which the couple engaged in an argument which culminated in the appellant tearing Mrs. Morrison’s clothes off and physically ejecting her from the house when she threatened to leave with the children.
Appellant contends that the trial court erred in two respects: (1) in finding that his wife was free from fault and (2) in giving preference to her in the custody determination despite her mental instability and a paucity of evidence concerning the home environment of Mrs. Morrison and the children.
The record discloses that Mrs. Morrison had a history of mental illness diagnosed as a type of paranoid psychosis. This disorder induced her beliefs that appellant and his family intended harm to her and her children. Mrs. Morrison had undergone psychological and psychiatric counseling and was at all times pertinent to this case taking prescription medication to control her feelings of anxiety. Appellant contends that his wife’s constant unfounded and bizarre accusations had a cumulative effect and constituted mental cruelty.
The trial judge concluded that under the circumstances the wife’s conduct was not sufficient to constitute an independent ground for separation which is a legal prerequisite for a finding of mutual fault. See e. g., Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980), writ refused 386 So.2d 358 (La.1980). We agree with this finding. Under the circumstances, the actions of Mrs. Morrison, which may have constituted cruelty otherwise, are excused due to her mental condition. See Courville v. Courville, 363 So.2d 954 (La.App.3d Cir. 1978), writ refused 365 So.2d 243 (La.1978).
Appellant contends that the trial court committed manifest error in awarding Mrs. *911 Morrison custody of the two children despite the medical history which evidenced her mental instability.
The record shows that Mrs. Morrison’s mental problems dated back approximately three years to the birth of her youngest child. She had experienced some paranoid delusions which led her to believe that her husband and his family were capable of and had an in fact committed various unusual and outlandish acts.
The trial court apparently placed great reliance on the testimony of the medical experts who had examined and treated Mrs. Morrison. Their consensus opinion was that Mrs. Morrison was capable of performing her duties as a mother. The prognosis was continued improvement as her illness was in remission. This expert testimony showed that the paranoid feelings of Mrs. Morrison were narrowly circumscribed to appellant and his family and did not affect her functioning in other areas.
Another factor considered by the trial judge was the fact that Mrs. Morrison had exercised the primary caretaking responsibilities for the children, since their birth. Since the parties factually separated, Mrs. Morrison and the children have resided next to Mrs. Morrison’s mother, a registered nurse available to assist in raising the children. Mrs. Morrison does not work and can be with the children on a full-time basis, whereas appellant works five days a week and would have to utilize the services of a babysitter.
That the trial judge, diligently applied the applicable law in this custody determination is evidenced by his statement that “the best interest of the children is what’s to be considered.” See Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The trial court’s written opinion shows that all the factors taken into consideration were examined in the light of the best interest of the children. The fact that some of these factors were once the basis for the “maternal preference” rule does not mean that consideration of such factors isn’t still necessary in order to fully evaluate the best interest of the children. See Lingenfelter v. Lingenfelter, 384 So.2d 523 (La.App.2d Cir. 1980).
Under the circumstances presented and in view of the great weight to be accorded the trial court’s determination in custody matters, we find no abuse of discretion.
The judgment appealed is affirmed at appellant’s costs.