GENOVESE, Judge.
This appeal presents the question of whether mental illness was sufficiently proven so as to excuse the fault of the wife in the break up of the marriage for purposes of final periodic support. The trial court found that the wife was excused from fault and awarded $2,000.00 per month in final periodic support. For the following reasons, we reverse.
FACTS
John Pucheu (“John”) and Maxine Gui-dry Pucheu (“Maxine”) were married on December 9, 1988, separated January 9, 2000, and divorced on August 14, 2002. Prior to their marriage, Maxine was employed by the Louisiana Legislature and John was practicing law in Eunice, Louisiana. Upon marrying, Maxine left her job and moved to the Pucheu family home in Eunice. Maxine had no prior children. John had three children from a previous marriage. The couple had no children together, but raised John’s three children, who are now adults.
Following a four-day trial on the issues of fault and final periodic support, the trial court found that Maxine’s behavior during the marriage constituted fault which led to the dissolution of the marriage. However, the trial court held that Maxine’s fault was excused due to her pre-existing mental illness and awarded her final periodic support in the amount of $2,000.00 per month. John appeals.
ISSUE
The issue presented is whether the trial court erred in finding that Maxine Guidry Pucheu’s mental illness excused her from fault thereby entitling her to final periodic support.
*71 LAW AND DISCUSSION
Louisiana Civil Code article 111 provides that a court “may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage.”
18In the present case, the trial court found that Maxine’s behavior during the marriage constituted fault which led to the dissolution of the marriage. We agree with the following factual findings of the trial court which are well supported by the evidence in the record:
It is the factual finding of this Court that Mrs. Pucheu’s actions as proven by Mr. Pucheu include, but are not limited to, her refusal to participate in family activities, including all of the daily activities of dining together and care of the minor children, failure to properly communicate to her spouse and children, failure to perform household chores, isolation of herself from other members of the immediate family, cruel treatment, and outrages. When these instances of misconduct are combined with each other it is this Court’s factual finding that they rose to the level of fault and led to the ultimate dissolution of the marriage.
Even though the trial court found that Maxine was at fault in the break up of the marriage, the trial court went on to state that the “behavior which constituted fault in the dissolution of the marriage was involuntarily induced over an extended period of time by her preexisting mental illness and excuses her of the same.” In reaching this conclusion, the trial court relied upon Credeur v. Lalonde, 511 So.2d 65 (La.App. 3 Cir.), writ denied, 513 So.2d 822 (La.1987) which states as follows:
This Court further finds that the length of treatment and mental illness documentation presented is more than sufficient to allow this Court to form a reasonable factual basis of the reason for her conduct. Furthermore, particular medical expert testimony is not required for each instance of misconduct at each particular junction of her illness including symptoms which arose to the level of misconduct that constituted fault in the marriage’s dissolution when such a reasonable factual basis for their cause exists.
However, this court finds that the trial court erred as a matter of law by misinterpreting and misapplying Credeur and the prior jurisprudence on mental illness as it relates to fault, or an excuse therefor, in the breakup of a marriage.
Relying on Credeur, the trial court reasoned that Maxine did not have to establish by medical evidence that all of her acts constituting fault were caused by her mental illness. This is a misstatement and misapplication of our holding in Credeur.
In Credeur, unlike the matter before us, this court was faced with examining only one assertion of fault based on abandonment. The evidentiary issue in Cred-eur arose when a spouse had been diagnosed with a schizophrenic disorder in February of 1984, and did not abandon the matrimonial domicile until August of 1984, some five months later. This court simply stated that the reasons given by the spouse for abandoning the matrimonial domicile were consistent with the diagnosed mental illness disorder, i.e., fear that her husband and daughter were going to do her bodily harm, and that a reasonable fact finder could conclude that there was a causal connection. In contrast, with Maxine, the medical witnesses were not clear concerning which actions were caused by her mental condition and which were not. Dr. Krishna Yalamanchili, Maxine’s treating psychiatrist for over twenty years, was unable to state with any degree of medical certainty or probability that Maxine’s mental illness was the cause of all of her *72 behavior constituting fault. Thus, we find as a matter of law, the trial court applied the wrong standard to the facts in evidence, and the error of law removes it from a manifest error analysis by this court.
When the court of appeal finds that a reversible error of law or manifest error of material fact was made, it is obligated to conduct a de novo review of the entire record-and render a judgment on the merits wherever possible. Rosell v. ESCO, 549 So.2d 840 (La.1989); Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502 (citing Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742.)
The record in this case reveals that Maxine had underlying emotional problems. However, the factual and medical evidence established long periods between documented medical treatment. Her first hospitalization occurred in 1982, six years before her marriage to John. At this time, Maxine was diagnosed with anxiety disorder and hysterical personality disorder. Despite her illness, she successfully Dworked at the Louisiana Legislature for eight years and continued to work there until the marriage. The next hospitalization did not occur until 1996, eight years after the marriage, when she was hospitalized for a personality disorder. Thereafter, she was not hospitalized again until 2001, which was one year after the parties separated for the last time. The diagnosis on this occasion was a major depressive disorder and unspecified personality disorder.
The record reveals that Maxine engaged in a variety of behavior. In addition to publicly criticizing her husband and refusing to participate with him in public events, Maxine did not cook, clean house, iron, or maintain any marital sexual relationship. She also exhibited bizarre behavior such as spending most of her time locked in her bedroom with her dog, maintaining the bedroom in such a manner that only the dog felt welcome, starting construction projects in the middle of the night, playing the television intolerably loud so as to alienate everyone in the house, engaging in screaming tantrums, cursing her husband, throwing objects, insisting that he make more money to maintain her required lifestyle, and requiring him to run errands for her during work hours. These were only some examples of her bizarre behavior and activities.
Although there was sufficient proof in the record of mental illness to excuse much of her bizarre and erratic behavior, there was likewise behavior constituting independent fault not proven with any degree of medical certainty to be caused by her specific mental condition. There were periods of remission where the fault inexplicably continued. The mere proof of mental illness does not excuse all fault. In the case at bar, there were numerous incidents and behavior constituting fault which were not proven by a preponderance of the medial evidence to have been caused or excused by the wife’s mental illness. A review of the jurisprudence on this |Rissue supports this court’s conclusion, that for behavior constituting fault to be excused for purposes of final periodic support, the spouse must establish that each act constituting .fault was caused by mental illness.
In Gilbert v. Hutchinson, 135 So.2d 283 (La.App. 3 Cir.1961), the issue was “whether the trial court erred in refusing to grant the plaintiff wife a separation from bed and board, under the evidence, on the alleged ground of cruel treatment.” Id. at 284. Applying the law on separation as it existed at that time, this court noted “the general rule that cruelties or indignities committed by one spouse are not cause for a divorce or separation when such conduct is due to a physical or mental *73 condition, since the misconduct is considered excused to the extent that it was involuntarily induced by such mental or physical condition.” Id. at 285(emphasis added). This language was later relied upon in Courville v. Courville, 363 So.2d 954 (La.App. 3 Cir.1978), unit denied, 365 So.2d 243 (La.1978). Again applying the law regarding living separate and apart, this court, in Courville, wrote:
The trial court found that the wife’s actions toward her husband were sufficient to constitute cruel treatment. However, the trial court also held:
“Because of her mental condition at the time of the separation, I find that Mrs. Courville cannot be found at fault in causing the separation, as her condition is considered excused under our law to the extent that it was involuntarily induced by such mental condition”
Id. at 956 (emphasis added).
The distinction of the holdings of Gilbert and Courville from the trial court’s interpretation of Credeur is the limiting language. Courville does not stand for the proposition that proof of mental illness by a spouse seeking final periodic support excuses, without limitation, that spouse from actions constituting fault. Rather, the jurisprudence has recognized that mental illness of a spouse, if proven, excuses those | fiactions which constitute fault in the break up of a marriage to the extent that each act of fault was caused or involuntarily induced by the mental condition.
In the case of Maxine, the experts were significantly vague on what fault issues were caused by her mental condition and those issues that were simply unpardonable fault on her part. The trial judge reasoned that the medical evidence established that some of her actions were excused because of her mental condition, but those which were not so clearly identifiable would be included with her other behavior based on the holding of Credeur. This court has conducted a de novo review of the record and finds that none of the medical professionals testifying at trial stated that Maxine’s mental problems caused her to do all of the things that she did. The experts simply stated that some of her actions might be expected if she did not follow the recommended treatment program.
The mental illness exception excusing fault was jurisprudentially established to protect a spouse suffering from a condition that renders the spouse’s actions impossible to control. Credeur is an example of such a situation given the wife’s schizophrenic disorder. However, a mental condition, especially one that results in intermittent flare-ups, with periodic remission, does not excuse all behavior constituting fault. If so, an individual who marries someone with a mental condition would be responsible for the support of that person no matter what actions are undertaken by that person and regardless of whether the actions go beyond the realm of the condition from which the person suffers. Such is not the intent of the mental illness exception.
The trial court in this matter worked hard to reach a fair resolution of the issues in a difficult case. This court agrees with the trial court that Maxine’s behavior during the marriage constituted fault which led to the dissolution of the marriage. We |7also agree that Maxine suffers from a mental illness. However, having reviewed the record in its entirety, we find that Maxine failed in her burden of proving that each of her actions constituting fault were involuntarily induced by her mental condition thereby excusing her fault by law. For the foregoing reasons, we reverse the trial court’s judgment excusing Maxine from fault due to her mental ill *74 ness and awarding her final periodic support. Costs of this appeal are assessed to Maxine Guidry Pucheu.
REVERSED.
SAUNDERS, J., concurs.
DECUIR, J., dissents and assigns reasons.